IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00901-WJM-NRN

MICHAELLA LYNN SURAT,

    Plaintiff,

v.

RANDAL KLAMSER, in his individual capacity, and
CITY OF FORT COLLINS, a municipality,

    Defendants.

_____

### DEFENDANTS' MOTION FOR LEAVE TO FILE
### MOTION TO STRIKE PLAINTIFF'S EXPERT PURSUANT TO F.R.C.P. 702
_____

Defendants RANDALL KLAMSER, in his individual capacity, and the CITY OF FORT COLLINS, a municipality, by and through their attorneys, Mark S. Ratner and John F. Peters, Hall & Evans, L.L.C., and John R. Duval, City of Fort Collins, City Attorney's Office, hereby submit this Motion for Leave to File a Motion to Strike Plaintiff's Expert, Mr. Dan Montgomery, pursuant to Federal Rules of Civil Procedure 702, and in support of this motion, state as follows:

### CONFERRAL

**Undersigned Counsel conferred with Counsel for Plaintiff regarding the relief requested in this Motion. Counsel for Plaintiff opposes any such relief.**

### I.    INTRODUCTION AND ARGUMENT

Generally, this matter arises out of Plaintiff's claim of excessive force against Officer Klamser for use of a takedown maneuver during Ms. Surat's arrest, and a claim against the City of Fort Collins for unconstitutional custom, practices and/or policies which were purportedly the proximate cause for the use of excessive force.

On January 4, 2021, Defendants filed their Combined Reply in Support of Motion to Dismiss and Motion for Summary Judgment (ECF 142). In providing the Reply, the Defendants addressed and objected to certain opinions of Plaintiff's retained expert, Dan Montgomery. The objections consisted of criticizing Plaintiff's version of Mr. Montgomery's opinions as set forth in his report (*See e.g*. ECF 142 at 5, RCUF[1] 24); characterizing Mr. Montgomery's opinions as "20/20 hindsight" (*See e.g.* ECF 142 at 5, RCUF 27); and criticizing Mr. Montgomery's opinions regarding alternatives to Officer Klamser's takedown technique (*See e.g.* ECF 142, at 15).

In support of his opinions, Mr. Montgomery relies on "established police practices and guidelines," including those adopted by the International Association of Chiefs of Police (*See e.g*., ECF 128-6 at 3, 17, ); the Department of Justice (*See e.g*. ECF 128-6 at 5-6); and the Police Executive Research Forum (*See e.g*. ECF 128-6 at 6).

Plaintiff's relied on Mr. Montgomery's opinions to an extent, but her Response did not extensively rely on the "established police practices or guidelines." It did, however rely on "established police practices" (*See* ECF 128 at 15, ¶ 30, 36, 55). In the Reply, the Defendants did have an opportunity to minimally address "guidelines" (*See* ECF 142 at 15, RCUF 24).

The Court's Practice Standards provide that a Rule 702 Motion must be filed no later than 70 days (10 weeks) before the Final Trial Preparation Conference, unless the motion challenges expert evidence submitted in support of summary judgment briefing. In that case, the motion must be filed contemporaneously with the summary judgment response or reply, as appropriate (Honorable William J. Martinez' Practice Standards, III(H)(2)(a)).

The Defendants generally contend Mr. Montgomery's opinions rely on standards and guidelines which usurp the function of the jury and ultimately instruct them on law which is not

---

[1] RCUF is Reply Concerning Undisputed Facts.

applicable to this matter.  Although the standards and guidelines relied on by Mr. Montgomery were not extensively discussed in Plaintiff's Response, it appears that upon consideration of the Court's Practice Standards, a 702 Motion should have been filed with Defendants' Reply.  The Defendants are, therefore, requesting leave to file a 702 motion.

In consideration of this request, the Defendant further states that any such motion is not intended as a "veiled dispositive motion".  (Honorable Judge Martinez' Practice Standard III(H)(1)).  In other words, even if a 702 motion is considered with the pending Motion for Summary Judgment, exclusion of Mr. Montgomery's opinions would not necessarily leave Plaintiff without the evidence necessary to prove an element of her claim, as it is the Defendants' position such opinions are unnecessary given the *Graham* factors, the totality of the circumstances, and other applicable law.

WHEREFORE, Defendants respectfully request the Court grant this Motion and allow the filing of a 702 motion seeking to strike Plaintiff's expert, Dan Montgomery.

Respectfully submitted this 19th day of January, 2021.

        Respectfully submitted,

        s/ *Mark S. Ratner*
        Mark S. Ratner, Esq.
        John Peters, Esq.
        Hall & Evans, L.L.C.
        1001 17th Street, Suite 300, Denver, CO 80202
        303-628-3300 /Fax: 303-628-3368
        ratnerm@hallevans.com
        petersj@hallevans.com

        and

        s/ *John R. Duval*
        John R. Duval, Esq.
        Deputy City Attorney
        City of Fort Collins
        P.O. Box 580

Fort Collins, CO 80522
(970) 221-6520
jduval@fcgov.com

**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 19th day of January, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lane, Esq.
Andrew McNulty, Esq.
Helen S. Oh, Esq.
Killmer, Lane & Newman, LLP
1543 Champa St, Suite 400
Denver, CO 80202
303-571-1000 Phone
303-571-1001 Fax
dlane@kln-law.com
amcnulty@kln-law.com
hoh@kln-law.com

*Attorneys for Plaintiff*

*Sarah Stefanick*, Legal Assistant to
Mark S. Ratner
Hall & Evans, L.L.C.
1001 Seventeenth St., Suite 300
Denver, CO 80202
Phone: 303-628-3300
Fax:    303-628-3368
ratnerm@hallevans.com

**ATTORNEYS FOR DEFENDANTS**