IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00901-NRN

MICHAELLA LYNN SURAT,

    Plaintiff,

v.

RANDALL KLAMSER, in his individual capacity, and
CITY OF FORT COLLINS, a municipality,

    Defendants.

---

**RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION TO STRIKE PLAINTIFF'S EXPERT TESTIMONY PURSUANT TO F.R.E. 702 [DOC. 143]**

---

Plaintiff, by and through her counsel, David Lane, Andy McNulty, and Helen Oh of KILLMER, LANE & NEWMAN, LLP, hereby submits the following Response to Defendants' Motion for Leave to File Motion to Strike Plaintiff's Expert Pursuant to Fed. R. Civ. P. [sic] 702 [Doc. 143], and in support thereof states as follows:

## I.  INTRODUCTION

On April 6, 2017, Defendant Klamser used excessive force against Plaintiff Michaella Surat by slamming her face-first to the pavement outside of a college-town bar using a "rowing arm takedown", causing Ms. Surat to sustain a concussion and other injuries. Ms. Surat filed an excessive force claim against Defendant Klamser and against the City of Fort Collins ("Fort Collins") for unconstitutional customs, policies, and practices, including inadequate training which caused the violation of Ms. Surat's constitutional rights. Amended Complaint, ¶¶ 47-80, 92-99.

1

Plaintiff retained expert witness Mr. Dan Montgomery to opine on Klamser's use of force against Surat and whether it was in concert with established police practices, in addition to opining on Fort Collins' training on the use of force and the rowing-arm takedown. Based on accepted police guidelines and his extensive experience and expertise, Mr. Montgomery opined that Klamser's takedown of Surat was not in concert with established police practice guidelines, and that Fort Collins' inadequate training was the moving force behind Klamser's disproportionate use of force. *See* **Ex. 1,** *Montgomery Report*.

Mr. Montgomery's opinions are based on his extensive experience and expertise in policing and training, as well as established and reliable police practices and guidelines. His opinions will greatly assist the jury in understanding Plaintiff's excessive force claims against Defendants Klamser and Fort Collins. Moreover, Defendants' arguments are insufficient bases for the exclusion of Mr. Montgomery's opinions, as they go to the weight of his testimony rather than their admissibility. This Court should deny Defendants' motion for leave to file a motion to strike Mr. Montgomery as an expert.

## II. LEGAL STANDARD

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "Rule 702 imposes a gatekeeping function on district courts to ensure expert testimony is admitted only if it is relevant and reliable." *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1217 (10th Cir. 2016) (citing *Kumho Tire Co. Ltd v. Carmichael*, 526 U.S. 137, 141 (1999)).

"Courts should, under the Federal Rules of Evidence, liberally admit expert testimony." *United States v. Rodriguez*, 125 F. Supp. 3d 1216, 1231-32 (D.N.M. 2015); *see also United States v. Gomez,* 67 F.3d 1515, 1526 (10th Cir. 1995) (describing rule 702 as a "liberal standard"). "A key but sometimes forgotten principle of Rule 702 and *Daubert* is that Rule 702, both before and after *Daubert*, was intended to relax traditional barriers to admission of expert opinion testimony." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1082 (D. Colo. 2006); *see also id.* ("[C]ourts are in agreement that Rule 702 mandates a liberal standard for the admissibility of expert testimony."). "As the Advisory Committee to the 2000 amendments to Rule 702 noted with apparent approval, '[a] review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule.'" *Id.* at 1083.

### III.  ARGUMENT

**A. <u>Defendants' dilatory motion fails to comply with this Court's practice standards.</u>**

According to this Court's practice standards, in relevant part, when a 702 motion is filed in support of a summary judgment briefing, it must be filed contemporaneously with the motion reply. Honorable William J. Martinez' Practice Standards, III(H)(2)(a). They also provide that the 702 motion shall "(a) [i]dentify with specificity each opinion the moving party seeks to exclude and the specific ground(s) on which each opinion is challenged, e.g., relevancy, sufficiency of facts and data, or methodology[;] (b) [s]pecifically state whether an evidentiary hearing is being requested. If the motion includes such a request, the movant shall discuss why the applicable law compels an evidentiary hearing." *Id.* at III(H)(3)(a)-(b).

Defendants vaguely indicate which opinions of Mr. Montgomery's they seek to exclude by citing to three examples from their motion for summary judgment reply ("Doc. 142"). *See*

3

Defendants' Motion for Leave to Strike Expert ("Doc. 143") (citing to RCUF[1] ¶¶ 24, 27, and RSADF[2] ¶ 24). Defendants' bases for exclusion are similarly vague and unsupported. Nor did they state whether they were requesting an evidentiary hearing.[3] Furthermore, Defendants filed their motion for leave on January 19, 2021, over two weeks past the deadline this Court set for filing a 702 motion. *See* Doc. 143. This Court should deny Defendants' motion for leave on these reasons alone. Nonetheless, "a proponent of expert testimony has the burden to show that the testimony is admissible[,]" *U.S. v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009), so Ms. Surat will demonstrate that her burden has been met.

### B. Mr. Montgomery is qualified to opine on police practices, training, and use of force.

A witness is qualified as an expert if the witness possesses "such knowledge, skill, experience, training, or education in the particular filed as to make it appear that his or her opinion would rest on substantial foundation and would tend to aid the trier of fact in its search for the truth." *Ortega v. City and Cty. of Denver*, Civil Action No. 11-cv-02394-WJM-CBS, 2013 U.S. Dist. LEXIS 15451, at *5 (D. Colo. Feb. 5, 2013) (citing *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004)). The witness qualifies as an expert witness if his testimony falls within "the reasonable confines" of the witness' expertise. *Conroy v. Vilsack*, 707 F.3d 1163, 1169 (10th Cir. 2013).

Mr. Montgomery's extensive expertise, education, and experience in policing and police practices easily qualify him to opine as an expert regarding Defendants' use of excessive force. He has nearly five decades of experience and expertise in policing and police practices, served twenty-five years as Chief of Police for the Westminster Police Department, is a past president of

---

[1] RCUF is "Reply Concerning Undisputed Facts". Doc. 142 at 2.
[2] RSADF is "Response to Plaintiff's Statement of Additional Disputed Facts". Doc. 142 at 10.
[3] It is Plaintiff's position that the circumstances do not require an evidentiary hearing.

the Colorado Association of Chiefs of Police, and is a past president of the Denver Metropolitan Association of Chiefs of Police. *See* **Ex. 2,** *Montgomery Expert Disclosures*, at 1. He is a certified Litigation Specialist in Police Practices and a certified Force Science Analyst. *Id.* at 1-2. He obtained three degrees in the area of law enforcement and has been qualified as an expert in numerous federal and state courts, rendering opinions in over 200 civil cases in favor of police and citizens. *Id.* at 3, 6. Accordingly, Mr. Montgomery was well qualified to render the opinions that he did based upon his abundant qualifications, specialized knowledge, experience, training, and education.

Defendants' do not contend that Mr. Montgomery is not qualified. Instead, they equivocally claim that they generally take issue with his opinions as "20/20 hindsight", his opinions regarding alternatives to Klamser's takedown technique, and that his opinions "rely on standards and guidelines which usurp the function of the jury and ultimately instruct them on law which is not applicable to this matter." *See* Doc. 143 at 2-3. These are insufficient bases for the exclusion of his testimony and the Court must deny Defendants' motion.

### C. Mr. Montgomery's opinions are based on widely-accepted and established policing guidelines in addition to his expansive experience and training.

This Court "must determine if the expert's proffered testimony—whether it concerns scientific, technical, or other special knowledge—has a reliable basis in the knowledge and experience of his discipline." *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232-33 (10th Cir. 2004) (citation and alteration omitted). "[M]any factors may bear on whether expert testimony is based on sound methods and principles." *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1217 (10th Cir. 2016). Ultimately, "[t]he plaintiff need not prove that the expert is undisputably [sic] correct…. Instead, the plaintiff must show that the method employed by the expert in reaching

5

the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements." *Id.* at 1217-18.

It is well-established that "[c]ourts generally allow experts in this area to state an opinion on whether the conduct at issue fell below accepted standards in the field of law enforcement." *Zuchel v. Denver*, 997 F.2d 730, 742 (10th Cir. 1993). In *Zuchel*, the Tenth Circuit held that an expert witness's opinion that a defendant officer's "conduct was inappropriate based on his understanding of generally accepted police custom and practice in Colorado and throughout the United States" was well within the type of admissible testimony recognized by the Court under Rule 702. *Id.* at 742-43.

Mr. Montgomery similarly relied on his decades of experience as a police chief and officer in addition to established police practices and guidelines promulgated by the International Association of Chiefs of Police ("IACP"), the United States Department of Justice, and the Police Executive Research Forum in formulating his opinions as applied to the facts of the case. Indeed, his expertise and experience regarding accepted policies and training have withstood scrutiny on numerous occasions in this district court, including in this Court. In *Ortega*, this Court held that Mr. Montgomery's opinions on police procedures and internal affairs investigations were sufficiently reliable, relevant, and would be helpful to a jury. *Ortega*, 2013 U.S. Dist. LEXIS at *6-9. In assessing reliability, the Court looked to *Zuchel* to find that Mr. Montgomery's experience and training in police practices, when viewed with his report and testimony, were sufficiently reliable under Rule 702. *Id.* at 9.

In *Davies v. City of Lakewood*, Judge Jackson likewise found that Mr. Montgomery's opinions concluding that the defendant officers' actions were not in concert with professional police practices were proper, citing to *Zuchel* in support. No. 14-cv-01285-RBJ, 2016 U.S. Dist.

6

LEXIS 18348, at *5-9 (D. Colo. Feb. 16, 2016).[4] Mirroring the opinions seen in *Ortega*, *Davies*, and *Zuchel*, in the present case, Mr. Montgomery sufficiently described his experience and training, and numerous accepted standards as defined by various established police practices organizations to opine on Klamser's deviance from those guidelines, which is well within the purview of admissible testimony. *See id.* at 9; *Zuchel*, 997 F.2d at 743; *see also* **Ex. 1.**

### D. Mr. Montgomery's opinions are relevant and do not usurp the function of the jury.

Expert testimony is relevant if it "logically advance[s] a material aspect of the case" and is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute[.]" *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011). "To determine whether proposed expert testimony will aid the jury, courts must conduct a common-sense inquiry into whether a juror would be able to understand certain evidence without specialized knowledge." *Cox v. Wilson*, Civil Action No. 15-cv-0128-WJM-NYW, 2016 U.S. Dist. LEXIS 185345 (D. Colo. May 13, 2016) (internal quotations omitted). "The line between what is helpful to the jury and what intrudes on the jury's role as the finder of fact is not always clear, but it is well-settled that '[a]n opinion is not objectionable just because it embraces an ultimate issue.'" *Id.* at 2 (citing Fed. R. Evid. 704).

Defendants' argue that Mr. Montgomery uses "20/20 hindsight", does not adequately address the "split-second judgments" of Klamser under the circumstances, and that he had no basis to opine on alternative techniques that Klamser could have used instead of the rowing-arm takedown. Doc 143; Doc. 142 at 5, 7. These are insufficient bases for the preclusion of expert

---

[4] The Court denied as inadmissible only the opinions of Mr. Montgomery's that relied on evidence of the officers' actions as being inconsistent with the policies and procedures of the defendant police department to establish the defendants' culpability, an issue that is not present in the case at bar. *Davies*, 2016 U.S. Dist. LEXIS, at *5-9, 53-59.

7

testimony and were explicitly rejected by the *Zuchel* and *Davies* courts. As was plainly admissible in *Zuchel*, Mr. Montgomery pointed to specific guidelines from both the IACP and Police Executive Research Forum and opined that considering reasonably effective alternatives was prudent as established by accepted police practices, and that Klamser deviated from these guidelines when he slammed Surat face-first on the pavement under the circumstances. *See* **Ex. 1,** at 7-8; *e.g. Zuchel*, 997 F.2d at 743. Nor do his opinions usurp the function of the jury, as Defendants' argue. Fed. R. Evid. 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Indeed, "[t]he fact that an expert opines on causation, without more, is also not grounds to preclude the testimony." *Ortega*, 2013 U.S. Dist. LEXIS, at *13.  Additionally, in rejecting the argument that Mr. Montgomery's opinions should be excluded because they were based on hindsight, the *Davies* Court sensibly reasoned, "[w]ell, yes, in one sense that has to be true. Obviously, neither the experts nor the jurors were present when the incident occurred. But … as the jury will be instructed, the conduct of these officers must be judged by what a reasonable officer knew or should have known at the time of the incident."). *Id.* at 11. Defendants' conclusory assertions that Mr. Montgomery "uses the 20/20 hindsight that the Supreme Court discouraged" attacks the weight of his opinions, not admissibility. Doc. 142, RCUF ¶ 24.

Defendants' claim that Mr. Montgomery failed to take into consideration Surat's convictions, applicable case law, and the Court's previous ruling are likewise not sufficient bases for exclusion. "As our Court has explained before, an expert's decision not to consider certain facts in formulating his opinions is a matter for cross-examination, and not exclusion, because that decision goes to the weight of the testimony, not its admissibility." *State Farm Fire & Cas. Co. v. Bell*, 30 F. Supp. 3d 1085, 1097 (D. Kan. 2014). Nonetheless, Mr. Montgomery did indeed

8

consider Ms. Surat's convictions and the applicable caselaw. *See* **Ex. 1** at 3, 6, 9, 14 ("[Surat] was in fact resisting arrest but her low-level resistance did not rise to the level that justified the use of potentially deadly force") and **Ex. 1** at 5, respectively.

Lastly, Defendants' argue without explanation that Mr. Montgomery's opinions instruct the jury on law not applicable to the matter. Based on Defendants' summary judgment reply, they appear to take issue with Mr. Montgomery's opinions stating that the use of force must meet the "test of proportionality." Doc. 142, RSADF ¶¶ 24, 52 (denying that the "'test of proportionality' is a valid guideline or applicable to Plaintiff's Fourth Amendment claim."). Defendants are plainly wrong. *See Walton v. Gomez*, 745 F.3d 405, 428 (10th Cir. 2014) ("Fourth Amendment case law addressing whether force is 'reasonable' is relevant to the first due process excessive force factor: the relationship between the amount of force used and the need presented. Cases finding force to be unreasonable necessarily imply that the use of force was disproportionate to the need presented."); *Perea v. Baca*, 817 F.3d 1198, 1203 (10th Cir. 2016) ("the relevant inquiry is whether the [use of force] was reasonable and proportionate given Perea's resistance."); *Davis v. Clifford*, 825 F.3d 1131 (10th Cir. 2016) (finding that the defendant officers' used substantial force which "plainly … exceed[ed] the minimal amount proportional to [the plaintiff's] misdemeanor.").

### E. Mr. Montgomery's opinions will be helpful to the jury.

"In assessing whether testimony will assist the trier of fact, district courts consider several factors, including whether the testimony is within the juror's common knowledge and experience, and whether it will usurp the juror's role of evaluating a witness's credibility." *United States v. Garcia*, 635 F.3d 472, 476-77 (10th Cir. 2011) (citation omitted). "Doubts about whether an expert's testimony will be useful should generally be resolved in favor of

9

admissibility unless there are strong factors such as time or surprise favoring exclusions. The jury is intelligent enough to ignore what is unhelpful in its deliberations." *Robinson v. Missouri Pacific R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994) (citation omitted). "Ultimately, therefore, expert testimony is admissible under Rule 702(a) if it will simply help the trier of fact to understand the facts already in the record, even if all it does is put those facts in context." *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1136 (10th Cir. 2014) (citation omitted).

Mr. Montgomery's opinions regarding police standards and the use of force, including the use of the rowing arm takedown or face plant is clearly relevant to Plaintiff's excessive force claims and will help the jury understand the facts in the record in the context of accepted police practices. Further, his opinions regarding inadequacies in Fort Collins' training regarding the rowing arm takedown based on accepted police practices, guidelines, and his expertise on the same will also be extremely helpful to a jury in their fact-finding mission. *See, e.g.*, *Zuchel*, 997 F.2d at 739-40; *see e.g.*, *Ortega*, 2013 U.S. Dist. LEXIS, at *12-13. As the *Davies* Court aptly stated about Mr. Montgomery's proposed testimony, "[i]n my view it is beyond dispute that a lay juror is unlikely to have more than a vague notion of the standards applicable to police officers without the testimony of a qualified expert." *Davies*, 2016 U.S. Dist. LEXIS, at *5-6. Plaintiff seeks to present Mr. Montgomery's relevant and helpful testimony, and under the liberal admissibility principles of Rule 702, this Court should allow her to do so.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motion for Leave to File Motion to Strike Plaintiff's Expert [Doc. 143].

Submitted this 25th day of January, 2021.

KILLMER, LANE & NEWMAN, LLP

*s/ Helen Oh*
Helen Oh
David Lane
Andy McNulty
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 (fax)
hoh@kln-law.com
dlane@kln-law.com
amcnulty@kln-law.com

***Counsel for Plaintiff***

11

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 25, 2021, I electronically filed the foregoing **RESPONSE TO MOTION FOR LEAVE TO FILE MOTION TO STRIKE PLAINTIFF'S EXPERT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mark S. Ratner, Esq.
John Peters, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
petersj@hallevans.com

John R. Duval, Esq.
Deputy City Attorney
City of Fort Collins
P.O. Box 580
Fort Collins, CO 80522
(970) 221-6520
jduval@fcgov.com

*Counsel for Defendants*

                                                        KILLMER, LANE & NEWMAN, LLP

                                                        *s/ Jamie Akard*
                                                        _____
                                                        Jamie Akard