IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00901-WJM-NRN

MICHAELLA LYNN SURAT,

    Plaintiff,

v.

RANDALL KLAMSER in his individual capacity, and
CITY OF FORT COLLINS, a municipality

    Defendant

---

**DEFENDANTS' ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND (ECF No. 107)**

---

    Defendants RANDALL KLAMSER, in his individual capacity, and the CITY OF FORT COLLINS, by and through their attorneys, Hall & Evans, L.L.C., and the Fort Collins City Attorney's Office, submit the following as their answer, defenses, and affirmative defenses to Plaintiff's First Amended Complaint and Jury Demand (ECF No. 107) ("Plaintiff's Complaint"), as follows:

## I.     INTRODUCTION

    1.    Based on information and belief, the Defendants admit the allegations set forth in paragraph 1 of Plaintiff's Complaint.

    2.    Based on information and belief, these Defendants admit Mr. Waltz was asked to leave Bondi Beach Bar. Furthermore, these Defendants admit Fort Collins Police Officers Randall Klamser and Garrett Pastor arrived at Bondi Beach Bar, in response to a call from one of the bar's

employees. These Defendants also admit Randall Klamser spoke with one of the employees upon his arrival on scene. The remaining allegations set forth in paragraph 2 of Plaintiff's Complaint, if any, are denied.

3. These Defendants admit Plaintiff walked by Officer Klamser, but deny the remaining allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. These Defendants admit that at some point during Officer Klamser's interaction with Michaella Surat, he utilized a rowing arm bar takedown. The remaining allegations set forth in paragraph 4 of Plaintiff's Complaint are denied.

5. The allegations set forth in paragraph 5 of Plaintiff's Complaint are denied.

6. The allegations set forth in paragraph 6 of Plaintiff's Complaint are conclusory while at the same time purport to set forth legal conclusions, and therefore no response is required. To the extent the allegations set forth in paragraph 6 of Plaintiff's Complaint are determined to be factual, These Defendants admits Plaintiff is attempting to bring this action pursuant to 42 U.S.C. § 1983 alleging a violation of her Fourth Amendment rights, but denies Plaintiff is entitled to any relief whatsoever on any such claim. The remaining allegations set forth in paragraph 6 of Plaintiff's Complaint, are denied.

## II.     JURISDICTION AND VENUE

7. The allegations set forth in paragraph 7 of Plaintiff's Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required. To the extent the allegations set forth in paragraph 7 of Plaintiff's Complaint are determined to be factual, these Defendants admit Plaintiff is attempting to bring this action pursuant to 42 U.S.C. § 1983, alleging a violation of her Fourth Amendment rights, but denies Plaintiff is entitled to any

relief whatsoever on any such claim. The remaining allegations set forth in paragraph 7 of Plaintiff's Complaint are denied.

8. The allegations set forth in paragraph 8 of Plaintiff's Complaint are conclusory while at the same time purport to set forth a legal conclusion to which no response is required. To the extent the allegations set forth in paragraph 8 of Plaintiff's Complaint are determined to be factual, these Defendants deny Plaintiff is entitled to attorneys' fees. The remaining allegations set forth in paragraph 8 of Plaintiff's Complaint are denied.

9. These Defendants admit venue is proper in the United States District Court for the District of Colorado. These Defendants further admit Officer Klamser was a resident of the State of Colorado at the time of the incident as alleged in Plaintiff's Complaint, but denies the remaining allegations set forth in paragraph 9 of Plaintiff's Complaint.

### III.   PARTIES

10. These Defendants are without sufficient knowledge or information with respect to the allegations set forth in paragraph 10 of Plaintiff's Complaint, requiring denial of same.

11. These Defendants admit the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. These Defendants admit the City of Fort Collins is a Colorado municipal corporation. The remaining allegations purport to set forth a legal conclusion to which no response is required. To the extent the allegations set forth in paragraph 12 of Plaintiff's Complaint are determined to be factual, said allegations are denied.

## IV.   FACTUAL ALLEGATIONS

In Response to paragraph "A", under section IV, these Defendants deny Officer Klamser used excessive force during the arrest of Ms. Surat

13. Based on information and belief, these Defendants admit Plaintiff was a student at Colorado State University at the time of the incident as alleged in Plaintiff's Complaint. These Defendants do not have sufficient knowledge or information with respect to the remaining allegations set forth in paragraph 13 of Plaintiff's Complaint, requiring denial of same.

14. These Defendants are without sufficient knowledge or information with respect to the allegations set forth in paragraph 14 of Plaintiff's Complaint, requiring denial of same.

15. Based on information and belief, these Defendants admit the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Based on information and belief, these Defendants admit the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. These Defendants admit that FCPS Officers Klamser and Pastor arrived at the Bondi Beach Bar at approximately 11:23 p.m., on April 6, 2017, and at that time, Michaella Surat was located behind a railing on what can be described as a patio area of the bar. These Defendants further admit Officer Klamser began speaking to Cory Esslinger while Officer Pastor stood outside the bar.

18. These Defendants admit that while Officer Klamser was speaking with Mr. Esslinger, Ms. Surat left the patio area and proceeded to bump into both Mr. Esslinger and Officer Klamser. These Defendants further admit Plaintiff grabbed the arm of Mr. Waltz and attempted to "take him away" from the scene while Mr. Waltz was being questioned. Furthermore, These

Defendants admit Officer Klamser stated that Mr. Waltz was not "free to go" and additionally instructed Plaintiff that she could "keep walking". The remaining allegations set forth in paragraph 18 of Plaintiff's Complaint, if any, are denied.

19. These Defendants admit that at some point during the interaction between Ms. Surat and Officer Klamser, she was instructed to "back off". The remaining allegations set forth in paragraph 19 of Plaintiff's Complaint are denied.

20. These Defendants admit that at some point during the interaction between Ms. Surat and Officer Klamser, Plaintiff stated "you don't need to fucking touch me." The remaining allegations set forth in paragraph 20 of Plaintiff's Complaint, are denied.

21. These Defendants admit Plaintiff said, "you don't need to fucking touch me" and attempted multiple times to free herself from Officer Klamser's grasp, after she was placed under arrest. The remaining allegations set forth in paragraph 21 of Plaintiff's Complaint are denied.

22. These Defendants admit that during the arrest of Plaintiff, Officer Klamser pulled the arm he had control of behind her back. The remaining allegations set forth in paragraph 22 of Plaintiff's Complaint are denied.

23. These Defendants admit Officer Klamser directed Plaintiff to put her hand on top of her head and that she was under arrest. These Defendants further admit that during the arrest, Plaintiff continued to ask why Officer Klamser was touching her while at the same time Officer Klamser indicated she was under arrest. The remaining allegations set forth in paragraph 23 of Plaintiff's Complaint, if any, are denied.

24. These Defendants admit Plaintiff asked Officer Klamser what she had done wrong, while continually refusing Officer's Klamser's commands to place her other hand on her head. The remaining allegations set forth in paragraph 24 of Plaintiff's Complaint are denied.

25. These Defendants admit Officer Klamser informed Plaintiff "I don't want to throw you to the ground." The remaining allegations set forth in paragraph 25 of Plaintiff's Complaint are denied.

26. These Defendants admit Officer Klamser attempted to maintain control over Plaintiff's arms and wrists, while Plaintiff continually failed to comply with Officer Klamser's lawful directions with respect to her arrest. The remaining allegations set forth in paragraph 26 of Plaintiff's Complaint are denied.

27. These Defendants admit that at some point during the interaction with Michaella Surat, Officer Klamser utilized a rowing arm bar takedown, as Ms. Surat continually failed to comply with lawful orders. The remaining allegations set forth in paragraph 27 of Plaintiff's Complaint are denied.

28. These Defendants admit that at some point during the interaction with Michaella Surat, Officer Klamser utilized a rowing arm bar takedown, as Ms. Surat continually failed to comply with his lawful orders. The remaining allegations set forth in paragraph 28 of Plaintiff's Complaint, are denied.

29. The allegations set forth in paragraph 29 are denied.

30. The allegations set forth in paragraph 30 of Plaintiff's Complaint are denied.

31. The allegations set forth in paragraph 31 of Plaintiff's Complaint are denied.

32. The allegations set dorth in paragraph 32 of Plaintiff's Complaint are denied.

33. These Defendants admit Plaintiff's dress rose above her hips and exposed her buttocks during the arrest, and that she remained face-down while the handcuffs were being applied. The remaining allegations set forth in paragraph 33 of Plaintiff's Complaint are denied.

34. These Defendants admit Plaintiff was lifted off her feet and that force was necessarily and reasonably applied in doing so. These Defendants also admits an attempt was made to fix Ms. Surat's dress. The remaining allegations set forth in paragraph 34 of Plaintiff's Complaint are denied.

35. These Defendants admit that while Plaintiff was escorted to a police car, she was crying and asking people for help, and at one point inexplicably dropped to the ground. Further, These Defendants admit that at some point, a stranger was allowed to adjust Plaintiff's dress. The remaining allegations set forth in paragraph 35 of Plaintiff's Complaint are denied.

36. These Defendants admit other Fort Collins Police Officers arrived on scene when Ms. Surat was seated in a police vehicle. These Defendants further admit Plaintiff spoke with other Fort Collins Police Officers. The remaining allegations set forth in paragraph 36 of Plaintiff's Complaint are denied.

37. Based on information and belief, the allegations set forth in in paragraph 37 of Plaintiff's Complaint are admitted.

38. These Defendants admit the allegations set forth in paragraph 38 of Plaintiff's Complaint.

B. With respect to the allegations set forth in paragraph "B", appearing after paragraph 38 in Plaintiff's Complaint, these Defendants admit Plaintiff was diagnosed with cervical strain and contusions, but deny the remaining allegations set forth in said paragraph.

39. Based on information and belief, these Defendants admit the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40. Based on information and belief, these Defendants admit the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41. Based on information and belief, these Defendants admit the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. These Defendants admit that at some point Plaintiff's chin appeared "black and blue", but are without sufficient knowledge or information with respect to the allegations set forth in paragraph 42 of Plaintiff's Complaint, requiring denial of same.

43. These Defendants admit that at some point, Plaintiff saw Dr. Devita-Bailey, and notations were made in the record that Plaintiff complained of being injured. These Defendants deny the remaining allegations set forth in paragraph 42 of Plaintiff's Complaint.

44. Based on information and belief, these Defendants admit the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45. These Defendants are without sufficient knowledge or information with respect to the allegations set forth in paragraph 45 of Plaintiff's Complaint, requiring denial of same.

46. These Defendants deny the allegations set forth in paragraph 46 of Plaintiff's Complaint, requiring denial of same.

C. These Defendants deny the allegations set forth in paragraph "C", appearing after paragraph 46 of Plaintiff's Complaint.

47. The allegations set forth in paragraph 47 are denied.

48. These Defendants admit the City of Fort Collins conducted an investigation and determined Officer Klamser's actions were consistent with his training and City policy with respect to an individual who was resisting arrest, coupled with other facts surrounding the incident. These Defendants further admit Al Brown was involved with, but not the only individual, in the investigation, and Officer Klamser was not disciplined as a result of said investigation. The remaining allegations set forth in paragraph 49 of Plaintiff's Complaint are denied.

49. The allegations set forth in paragraph 49 of Plaintiff's Complaint are denied.

50. These Defendants admit only to those duties imposed by law. The remaining allegations set forth in paragraph 50 of Plaintiff's Complaint are denied.

51. These Defendants admit an investigation was conducted into Officer Klamser's actions, and the conclusion was Officer Klamser acted in accordance with his training and the City's policies. The remaining allegations set forth in paragraph 51 of Plaintiff's Complaint are denied.

52. These Defendants admit FCPS spokesperson Kate Kimble told the media that Defendant Klamser used "standard arrest control." The remaining allegations set forth in paragraph 52 of Plaintiff's Complaint are denied.

53. These Defendants are without sufficient knowledge or information as to what deposition testimony is being referred to, requiring denial of the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54. These Defendants admit only to those obligations and duties imposed by law. The remaining allegations set forth in paragraph 54 of Plaintiff's Complaint are denied.

55. These Defendants admit there have been matters involving allegations of excessive force, both prior and subsequent to this matter, but deny the remaining allegations set forth in paragraph 55 of Plaintiff's Complaint.

56. The allegations set forth in paragraph 56 of Plaintiff's Complaint are denied.

57. The allegations set forth in paragraph 57 of Plaintiff's Complaint are denied.

58. The allegations set forth in paragraph 58 of Plaintiff's Complaint are denied.

59. The allegations set forth in paragraph 59 of Plaintiff's Complaint are denied.

60. The allegations set forth in paragraph 60 of Plaintiff's Complaint are denied.

61. The allegations set forth in paragraph 61 of Plaintiff's Complaint are denied.

62. The allegations set forth in paragraph 62 of Plaintiff's Complaint are denied.

63. The allegations set forth in paragraph 63 of Plaintiff's Complaint are denied.

64. The allegations set forth in paragraph 64 of Plaintiff's Complaint are denied.

65. The allegations set forth in paragraph 65 of Plaintiff's Complaint are denied.

66. The allegations set forth in paragraph 66 of Plaintiff's Complaint are denied.

67. The allegations set forth in paragraph 67 of Plaintiff's Complaint are denied.

68. The allegations set forth in paragraph 68 of Plaintiff's Complaint are denied.

69. The allegations set forth in paragraph 69 of Plaintiff's Complaint are denied.

D. These Defendants deny the allegations set forth in paragraph "D", which appears after paragraph 69 of Plaintiff's Complaint.

70. The allegations set forth in paragraph 70 of Plaintiff's Complaint are denied.

71. The allegations set forth in paragraph 71 of Plaintiff's Complaint are denied.

72. The allegations set forth in paragraph 72 of Plaintiff's Complaint are denied.

73. The allegations set forth in paragraph 73 of Plaintiff's Complaint are denied.

74. The allegations set forth in paragraph 74 of Plaintiff's Complaint are denied.

75. The allegations set forth in paragraph 75 of Plaintiff's Complaint are denied.

76. The allegations set forth in paragraph 76 of Plaintiff's Complaint are denied.

77. The allegations set forth in paragraph 77 of Plaintiff's Complaint are denied.

78. The allegations set forth in paragraph 78 of Plaintiff's Complaint are denied.

79. These Defendants admit Officer Klamser used the "rowing arm-bar takedown." the remaining allegations set forth in paragraph 79 of Plaintiff's Complaint are denied.

80. The allegations set forth in paragraph 80 of Plaintiff's Complaint are denied.

### V. STATEMENT OF CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Fourth & Fourteenth Amendment Violation – Excessive Force
### (Against Defendant Klamser)

81. These Defendants restates their responses to the allegations set forth in paragraph 1 to 80 of Plaintiff's Complaint, as though fully set forth herein.

82. The allegations set forth in paragraph 82 of Plaintiff's Complaint are admitted.

83. The allegations set forth in paragraph 83 of Plaintiff's Complaint purport to set forth a legal conclusion, to which no response is required. To the extent the allegations set forth in paragraph 83 of Plaintiff's Complaint are determined to be factual, these Defendants admit Plaintiff has rights pursuant to the Fourth Amendment of the United States Constitution, but denies any such rights were violated.

84. The allegations set forth in paragraph 84 of Plaintiff's Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 84 of

Plaintiff's Complaint are determined to be factual, these Defendants are without sufficient knowledge or information of said allegations, requiring denial of same.

85. The allegations set forth in paragraph 85of Plaintiff's Complaint are denied.

86. The allegations set forth in paragraph 86 of Plaintiff's Complaint are denied.

87. The allegations set forth in paragraph 87 of Plaintiff's Complaint are denied.

88. The allegations set forth in paragraph 88 of Plaintiff's Complaint are denied.

89. The allegations set forth in paragraph 89 of Plaintiff's Complaint are denied.

90. The allegations set forth in paragraph 90 of Plaintiff's Complaint are denied.

91. The allegations set forth in paragraph 91 of Plaintiff's Complaint are denied.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Unconstitutional Policies, Customs, and Practices
### (Against Defendant City of Fort Collins)

92. These Defendants restate their responses to paragraphs 1 to 91 of Plaintiff's Complaint, as though fully set forth herein.

93. The allegations set forth in paragraph 93 of Plaintiff's Complaint are denied.

94. The allegations set forth in paragraph 94 of Plaintiff's Complaint are denied.

95. The allegations set forth in paragraph 95 of Plaintiff's Complaint are denied.

96. These Defendants admit only to those duties imposed by law. The remaining allegations set forth in paragraph 96 of Plaintiff's Complaint are denied.

97. The allegations set forth in paragraph 97 of Plaintiff's Complaint purport to set forth a legal conclusion, to which no response is required. To the extent the allegations set forth in paragraph 97 of Plaintiff's Complaint are determined to be factual, said allegations are denied.

98. The allegations set forth in paragraph 98 of Plaintiff's Complaint are denied.

99. The allegations set forth in paragraph 99 of Plaintiff's Complaint are denied.

## VI.  PRAYER FOR RELIEF

75. These Defendants deny each and every allegation set forth after the word "WHEREFORE" on page 19 of Plaintiff's Complaint.

76. These Defendants deny Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

77. These Defendants deny each and every allegation set forth in Plaintiff's Complaint not specifically admitted herein.

## DEMAND FOR JURY TRIAL

These Defendants demand a trial by jury of all clams in this matter.

### Affirmative Defenses

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff failed to mitigate her damages, if any.

3. Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action omission of or by these Defendants, nor proximately caused by or related to any act or omission of these Defendants.

4. All or part of Plaintiff's claims never achieved the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983.  In addition, no claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of *respondeat superior* or vicarious liability respecting these Defendants.

5. At all times pertinent herein, these Defendants acted in accordance with all common law, statutory and constitutional obligations, and without any intent to cause Plaintiff harm.  These

Defendants also lacked the requisite intent to establish any claim against them in this matter. The claims of the Plaintiff also fail to establish any basis for concluding that these Defendants acted with deliberate indifference or in a willful and wanton manner.

6. Plaintiff's injuries and damages, if any, were proximately caused, in whole or in part, by her own acts or omissions, either in combination with one another or independent of one another.

7. Plaintiff's injuries and damages, if any, were proximately caused, in whole or part, by the acts or omissions of third parties over whom these Defendants possessed no ability to control or right to control.

8. These Defendants never breached any obligation or responsibility to anyone associated with any property or liberty interest of any party in relation to this matter.

9. At all times pertinent herein, these Defendants acted in accordance with all legal obligations.

10. Plaintiff cannot satisfy all or some of the perquisites to a grant of injunctive or declaratory relief in this matter. Any request for injunctive or declaratory relief is moot.

11. Defendants are not liable for any punitive damages pursuant to state or federal law and no Defendant could become liable for any such damages.

12. Plaintiff's claims are precluded as a result of her convictions for resisting arrest and obstruction of justice, including the notion she was attempting to injure and/or inflict bodily harm on Officer Klamser as a result of his arrest, and that Officer Klamser first attempted to use a lesser amount of force to effectuate the arrest.

13. Officer Klamser is entitled to qualified immunity.

14. These Defendants reserve their right to assert other or additional defenses and affirmative defenses as may become known in the course of these proceedings.

WHEREFORE, after answering all the allegations in Plaintiff's Complaint that require a response, the City of Fort Collins and Officer Randall Klamser requests the Court enter an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorneys' fees, and ordering such other relief as the Court deems just.

Respectfully submitted this 11th day of August 2021.

>*/s/ Mark S. Ratner*
>Mark S. Ratner, Esq.
>Hall & Evans, L.L.C.
>1001 17th Street, Suite 300
>Denver, CO 80202
>Telephone: (303) 628-3300
>Facsimile: (303) 628-3368
>ratnerm@hallevans.com
>**ATTORNEYS FOR DEFENDANTS RANDALL KLAMSER and CITY OF FORT COLLINS**
>
>/*s/ John R. Duval*
>John R. Duval, Esq.
>Deputy City Attorney
>City of Fort Collins
>P.O. Box 580
>Fort Collins, CO 80522
>(970) 221-6520
>jduval@fcgov.com
>**ATTORNEY FOR DEFENDANT CITY OF FORT COLLINS**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 11th day of August, 2021, I electronically filed the foregoing **DEFENDANTS' ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND (ECF No. 107)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lane, Esq.
Andrew McNulty, Esq.
Helen S. Oh, Esq.
Killmer, Lane & Newman, LLP
1543 Champa St, Suite 400
Denver, CO 80202
303-571-1000 Phone
303-571-1001 Fax
dlane@kln-law.com
amcnulty@kln-law.com
hoh@kln-law.com

Attorneys for Plaintiff

                                        s/ Sarah M. Stefanick, Legal Assistant
                                        Mark S. Ratner
                                        Hall & Evans, LLC
                                        1001 Seventeenth St., Suite 300
                                        Denver, CO 80202
                                        Phone: 303-628-3300
                                        Fax:     303-628-3368
                                        ratnerm@hallevans.com
                                        ringela@hallevans.com
                                        ATTORNEYS FOR DEFENDANT