**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00901-WJM-NRN

MICHAELLA LYNN SURAT,

  Plaintiff,

v.

RANDALL KLAMSER, in his individual capacity, and
CITY OF FORT COLLINS, a municipality,

  Defendants.

---

**MOTION FOR ORDER CERTIFYING DEFENDANT KLAMSER'S
INTERLOCUTORY APPEAL AS FRIVOLOUS AND REQUEST FOR HEARING**

---

Plaintiff, by and through counsel, hereby moves this Court to issue an order certifying

Defendant Klamser's interlocutory appeal as frivolous, and as grounds therefore states as

follows:[1]

1. **INTRODUCTION**

In its July 13, 2021, Order Denying Defendants' Motion For Summary Judgment, this

Court resolved the issue of qualified immunity, going into great detail while explaining the

numerous material factual disputes between the parties' respective versions of the facts. [Doc.

#154], pp. 2-4. The Court specifically relied on these disputed issues of material fact as the basis

for denying Defendant Klamser's motion for summary judgment, holding that that "issues of fact

exist as to whether Klamser used excessive force[,]" "Surat [] presented evidence that the

---

[1] Undersigned counsel has conferred with Counsel for Defendants, Mark Ratner, who has stated
Defendants oppose this motion.

amount of force used to subdue her was objectively unreasonable[,]" and "'[s]ummary judgment motions may not be granted on any excessive force claims under § 1983 for which any genuine issue of material fact remains – regardless of whether the potential grant would arise from qualified immunity or from a showing that the officer merely had not committed a constitutional violation.'" *Id.*, p. 7-8 (quoting *Bridges v. Yeager*, 352 F. App'x 255, 258 (10th Cir. 2009) and citing *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1314 (10th Cir. 2002)). Because of this, the Court held that summary judgment was inappropriate. *Id.*

Despite it being clear that this Court's denial of his  summary judgment motion was premised on disputed issues of material fact, on August 10, 2021, Defendant Klamser filed a notice of appeal, indicating his intention to file an interlocutory appeal with the Tenth Circuit. [Doc. #158].[2] While Defendant's Notice did not state the issues for appeal, the reality is that any appeal of this Court's Order will be inherently premised on disputed issues of fact given the clearly established law that exists governing the claim at issue. The Tenth Circuit, however, obviously lacks jurisdiction to review these types of fact-based appeals, a jurisdictional limitation repeatedly reiterated to litigants in this context, and one that renders this appeal frivolous. *Valdez v. Motyka*, 804 F. App'x 991, 994 (10th Cir. 2020); *Ralston v. Cannon*, 884 F.3d 1060 (10th Cir. 2018); *Fancher v. Barrientos*, 723 F.3d 1191, 1200 (10th Cir. 2013); *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 700-01 (10th Cir. 1995).

Plaintiff, therefore, respectfully requests a hearing and for this Court to certify Defendant

---

[2] Defendant Fort Collins is not entitled to claim, nor did claim, qualified immunity, and as such there is no appellate jurisdiction over an interlocutory appeal from the order denying Fort Collins' motion for summary judgment. Accordingly, Defendant Klamser's notice of appeal cannot encompass Plaintiff's claim against Fort Collins, and it does not provide this Court with a basis to stay the proceedings on that claim.

Klamser's appeal as frivolous, like it has done before, *Valdez v. Motyka*, 416 F. Supp. 3d 1250 (D. Colo. 2019), *aff'd* 804 F. App'x 991, 994 (10th Cir. 2020), so that this case may proceed to trial as scheduled for all claims, including the claim against Defendant Klamser.

## 2. STANDARD OF REVIEW

Recognizing "the risk that . . . interlocutory appeals will be subject to abuse," the Tenth Circuit has adopted a procedure whereby a district court may retain jurisdiction over a case even after the filing of an interlocutory appeal, provided that "the district court (1) after a hearing, and (2) for substantial reasons given, (3) [finds] the claim to be frivolous." *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (citation omitted). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (internal quotation marks omitted). In the context of an interlocutory appeal of a denial of a qualified immunity motion, such an appeal is frivolous if the denial was based wholly on a finding of disputed material facts. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "This practice, which has been embraced by several Circuits, enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996); *see also Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) ("Appellate courts can streamline the disposition of meritless claims and even authorize the district court's retention of jurisdiction when an appeal is certified as frivolous.").

The Tenth Circuit addressed the issue of interlocutory appeals in the context of qualified immunity in *Ralston*, where it found that the defendants' appeal of a qualified immunity denial amounted to a challenge to the district court's determinations of evidentiary sufficiency. 884

F.3d 1060. Accordingly, the Tenth Circuit held that it lacked jurisdiction over that interlocutory appeal. *Id.* In doing so, the Court issued a warning to all attorneys considering this type of appeal, stating:

> In closing, this court notes that the jurisdictional limitation at issue in this appeal has been in place since the Supreme Court's decision in *Johnson*, more than twenty years ago. *Johnson* made clear that allowing appeals from district court determinations of evidentiary sufficiency simply does not advance the goals of the qualified-immunity doctrine in a sufficiently weighty way to overcome the delay and expenditure of judicial resources that would accompany such appeals.  It certainly follows, then, that appeals like the instant one that flaunt the jurisdictional limitations set out in *Johnson* serve only to delay the administration of justice. That being the case, this court expects practitioners will be cognizant of, and faithful to, the jurisdictional limitation set out in  *Johnson*.

*Id*. at 1067–68 (internal citations omitted).

3. **Argument**

3.1 **Tenth Circuit authority clearly shows that Defendant Klamser's appeal is frivolous.**

It is well established that in interlocutory appeals of a summary judgment order denying qualified immunity, "the scope of such appeals is limited to 'purely legal' challenges to the district court's ruling on whether a plaintiff's legal rights were clearly established, and cannot include attacks on the court's 'evidence sufficiency' determinations about whether there are genuine disputes of fact[.]" *Sevier*, 60 F.3d at 700-01 (citing *Johnson*, 515 U.S. at 319-320); *Morris v. Noe*, 672 F.3d 1185, 1189 (10th Cir. 2012) ("[W]e take, as given, the facts that the district court assumed when it denied summary judgment."). Review is limited to whether the district court "mistakenly identified clearly established law. . . given [ ] the facts that the district court assumed when it denied summary judgment for that (purely legal) reason." *Sevier,* 60 F. 3d

at 700. *See also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Blossom v. Yarbrough*, 429 F.3d 963, 966 (10th Cir. 2005); *King v. Patt*, 525 F. App'x 713, 718 (10th Cir. 2013).

Here, as this Court found, the law of excessive force, and particularly the law related to using a takedown maneuver on an unarmed misdemeanant who poses little to no threat to an officer's safety, is extremely well-established both in the Tenth Circuit and among a consensus of authority from other Circuits. [Doc. #154] (citing *Long v. Fulmer*, 545 F. App'x 757, 759-60 (10th Cir. 2013); *Roe v. City of Cushing*, 13 F.3d 406 (10th Cir. 1993); *Morris*, 672 F.3d at 1189-90; *Shannon v. Koehler*, 616 F.3d 855, 858–63 (8th Cir. 2010); *Blankenhorn v. City of Orange*, 485 F.3d 463, 477–79 (9th Cir. 2007); *Smith v. City of Troy*, Ohio, 874 F.3d 938, 945–46 (6th Cir. 2017)). The Court also found that Defendant Klamser's violation of the Fourth Amendment was clear from the *Graham* analysis and, when that is the case, the Tenth Circuit does not "require a second decision with greater specificity to establish the law." *Morris*, 672 F.3d at 1197 (quoting *Casey*, 509 F.3d at 1284). This Court, after reviewing considerable evidence in this heavily litigated case, found multiple facts that, if viewed in Plaintiff's favor, demonstrate that Defendant Klamser used excessive force. [Doc. #154], p. 10 ("the video footage of the event and the differing testimonial accounts of the incident raise significant and genuine issues of material fact as to whether Surat posed a flight risk or any danger of serious bodily harm to Klamser"). This is the textbook definition of a case that the Tenth Circuit lacks jurisdiction to review. *See Valdez*, 804 F. App'x at 994.

Defendant Klamser almost certainly will attempt to reframe the facts to relitigate his version of what happened (that Surat was resisting arrest) in an effort to turn factual disputes into purported "legal issues." However, courts have repeatedly held that such an attempt violates the

standards for interlocutory review. *Valdez*, 804 F. App'x at 995 (holding that even if a defendant argues "legal errors pervade the district court's view of the facts concerning seizure and objective reasonableness" when "in the end they are challenging the district court's view of the facts" there is no appellate jurisdiction); *Cady v. Walsh*, 753 F.3d 348, 360–61 (1st Cir. 2014); *Thompson v. Grida*, 656 F.3d 365, 368 (6th Cir. 2011). Put simply, any alleged "legal issue" raised by Defendant Klamser will be wholly dependent upon genuine issues of material fact.

In sum, Defendant Klamser's appeal "flaunts the jurisdictional limitations" set out by the Supreme Court and Tenth Circuit, and, therefore, should be certified as frivolous. *Ralston,* 884 F.3d at 1067–68.

### 3.1 **Public policy reasons support certifying Defendant Klamser's appeal as frivolous.**

In addition to the frivolity of Defendant Klamser's appeal given it is premised wholly on disputed issues of material fact, there are also policy reasons to certify Defendant's appeal as frivolous. First, "[a]n interlocutory appeal can make it more difficult for trial judges to do their basic job—supervising trial proceeding." *Johnson v. Jones*, 515 U.S. 304, 309 (1995).[3] Frivolous interlocutory appeals, such as the one filed by Defendant Klamser, cause this harm by "delay, adding costs and diminishing coherence." *Id*. Convenience to the Court weighs against further delaying the case against Defendant Klamser as "as cases that linger on the Court's docket are more difficult to manage." *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, Civil Action No. 16-cv-1084-WJM-NYW, 2016 U.S. Dist. LEXIS 185941, at *4 (D. Colo. Sep. 13, 2016); *Estate of*

---

[3] Even before *Johnson*, "the Tenth Circuit saw the possibility of public officials abusing *Mitchell* to file appeals of qualified immunity denials, simply to slow down the lawsuit—because an appeal, even if it should not have been filed, normally prevents the district court from continuing to adjudicate the case." *Valdez*, 416 F. Supp. 3d at 1255 (citing *Stewart*, 915 F.2d at 574).

*Bailey v. City of Colo. Springs*, Civil Action No. 20-cv-1600-WJM-KMT, 2020 U.S. Dist. LEXIS 214552, at *4 (D. Colo. Nov. 17, 2020). This is particularly true in this Judge's courtroom as your Honor "discourages litigation strategy or conduct that results in delaying the progress of litigation, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally." *Bitco Gen. Ins. Corp.*, 2016 U.S. Dist. LEXIS 185941, at *4 (citing WJM Practice Standards §§ II.D, III.D, III.E.).

For similar reasons, a delay in court proceedings harms the public interest and the interests of other third parties who may be affected by this litigation. There is a "strong interest held by the public in general regarding the prompt and efficient handling of all litigation." *Lester v. Gene Express, Inc.*, Civil Action No. 09-cv-02648-REB-KLM, 2010 U.S. Dist. LEXIS 25379, at *5 (D. Colo. Mar. 2, 2010). Delay is "of social concern" because it "is cost prohibitive and threatens the credibility of the justice system." *Chavez v. Young Am. Ins. Co.*, Civil Action No. 06-cv-02419-PSF-BNB, 2007 U.S. Dist. LEXIS 15054, at *4-5 (D. Colo. Mar. 2, 2007).

> The relation between case disposition time and civil justice goals is straightforward. . . . . Delays in the resolution of civil disputes erode public confidence in the civil justice system, disappoint and frustrate those seeking compensation through the legal system, and generate benefits for those with the financial ability to withstand delays or otherwise benefit from them. Such factors, individually and collectively, undermine public faith and confidence in the ability of our civil justice system to operate efficiently and, more importantly, equitably.

Michael Heise Justice Delayed: *An Empirical Analysis of Civil Case Disposition Time*, 50 Cas. W. Res. L. Rev. 813, 814 (2000). Without confidence in our justice system, those who need the courts to vindicate their rights may not seek judicial remedies, thereby never receiving the relief to which they are entitled.

Other third-party individuals, as well as the public in general, also plainly have a strong

interest "in learning as soon as possible whether [Plaintiff's] allegations are true. *"V.S." v. Muhammad*, 2008 U.S. Dist. LEXIS 96099, at \*10 (E.D.N.Y. Nov. 24, 2008). Resounding authority holds that "the public [has] an interest in assuring that institutions" such as Fort Collins police officers "[were] operating within the bounds of the law." *Morgan v. Clements*, No. 12-cv-00936-REB-KMT, 2013 U.S. Dist. LEXIS 33935, at \*12-13 (D. Colo. Mar. 12, 2013). In other words, the public has the right to know whether Defendant Klamser, who is still employed by Defendant Fort Collins and continues policing that community to this day, is violating citizens' constitutional rights. *See A.A. v. Martinez,* Civil Action No. 12-cv-00732-WYD-KMT, 2012 U.S. Dist. LEXIS 96447, at \*14 (D. Colo. July 12, 2012) ("[T]he public interest is well served by prompt and efficient handling of litigation, particularly where the litigation involves allegations against public officials."). In short, because Plaintiff's allegations "call into question . . . the competence and good faith" of public entities, the interests of third parties and the public in in quickly discovering the veracity of Plaintiff's allegations weigh against granting a stay. *See "V.S."*, 2008 U.S. Dist. LEXIS 96099, at \*10.

Additionally, frivolous interlocutory appeals of qualified immunity summary judgments based solely on "the existence, or nonexistence, of a triable issue of fact [are] the kind of issue that trial judges, not appellate judges, confront almost daily... [a]nd, to that extent, interlocutory appeals are less likely to bring important error-correcting benefits here than where purely legal matters are at issue[.]" *Johnson*, 515 U.S. at 316.

Finally, the Court noted that appeals premised on questions of fact, like the one filed by Defendant Klamser in this case, "consume inordinate amount of appellate time." *Id.* This is particularly a problem in "constitutional tort cases" like this one, where resolving factual

controversies "require[s] reading a vast pretrial record, with numerous conflicting affidavits, depositions, and other discovery materials." *Id.* In counting these concerns, the Court concluded that "a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial... is not appealable." *Id.* at 312. In sum, Defendant Klamser's appeal is the type of frivolous interlocutory appeal that delays the administration of justice and clogs both the District Court and Tenth Circuit's already crowded dockets. This provides an additional reason for this Court to grant Plaintiff's motion and certify Defendant Klamser's appeal as frivolous.

4. **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests this Court set a hearing and certify Defendant Klamser's appeal as frivolous.

Respectfully submitted this 12th day of August 2021.

KILLMER, LANE & NEWMAN, LLP

*s/ Andy McNulty*
David Lane
Andy McNulty
1543 Champa Street, Suite 400
Denver, Colorado 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
dlane@kln-law.com
amcnulty@kln-law.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 12th day of August 2021, I filed a true and correct copy of the foregoing **MOTION TO CERTIFY DEFENDANT KLAMSER'S INTERLOCUTORY APPEAL AS FRIVOLOUS AND REQUEST FOR HEARING** which will serve the following via E-Mail:

Mark Ratner
Hall & Evans, LLC
1001 Seventeenth Street, Ste 300
Denver, CO 80202
303-628-3492
ratnerm@hallevans.com

*Counsel for Defendants*

s/ Andy McNulty
Andy McNulty