**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00901-WJM-NRN

MICHAELLA LYNN SURAT,

    Plaintiff,

v.

RANDALL KLAMSER, in his individual capacity, and
CITY OF FORT COLLINS, a municipality,

    Defendants.

___

**MOTION TO CERTIFY DEFENDANT KLAMSER'S INTERLOCUTORY APPEAL AS FRIVOLOUS AND REQUEST FOR HEARING**
___

    Plaintiff, by and through counsel, hereby files this Reply in support of her Motion To Certify Defendant Klamser's Interlocutory Appeal As Frivolous And Request For Hearing, and states in support as follows:

1. **This Court has the authority to certify Defendant Klamser's appeal as frivolous.**

    Contrary to Defendant Klamser's arguments, this Court would be well within its authority in certifying his appeal as frivolous and Plaintiff presented significant authority demonstrating as much. First, the Supreme Court in *Johnson v. Jones*, held that the qualified immunity appeal exception granting interlocutory jurisdiction does not apply when the "district court's summary judgment order . . ., though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' i.e., which facts a party may, or may not, be able to prove at trial." 515 U.S. 304, 313 (1995). Second, the Tenth Circuit has explicitly held that an appeal of the denial of qualified immunity would not prevent the district court from continuing to

1

adjudicate the case "if the district court (1) after a hearing and, (2) for substantial reasons given, (3) f[inds] the [defendant's] claim [that the qualified immunity exception applies] to be frivolous." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990); *see Langley v. Adams Cty.*, 987 F.2d 1473, 1477 (10th Cir. 1993).[1] That is exactly what Plaintiff asks this Court to do. And, it is something that this Court (and other courts in this district) have done previously. *See Valdez v. Motyka*, 416 F. Supp. 3d 1250, 1255 (D. Colo. 2019); **Exhibit 1**, *Lillis v. Correct Care Solutions, LLC – Order Certifying Appeal As Frivolous*; *see also Langley*, 987 F.2d at 1477 (noting that the district court had certified the qualified immunity appeal as frivolous). Defendant Klamser's arguments that it would inappropriate for this Court to certify his appeal as frivolous are without merit.

2. **Qualified immunity appeals, like Defendant Klamser's, that turn on issues of disputed material fact are frivolous.**

    Defendant Klamser makes no attempt to rebut this Court's clear and unambiguous finding that disputed issues of material fact precluded a finding of qualified immunity in this case. [Doc. #154], p. 7-8.[2] He also fails to acknowledge this Court's previous certification of an

---

[1] Contrary to Defendant Klamser's arguments, this Court's certification of his appeal as frivolous would not risk divesting the appellate court of jurisdiction to hear his appeal. *see Langley v. Adams Cty.*, 987 F.2d 1473, 1477 (10th Cir. 1993).

[2] It is important to note at the outset that Plaintiff does not argue in her summary judgment briefing that the acts previously determined by this Court to be barred by *Heck* form the basis of her excessive force claim in this matter at the summary judgment stage, or at the eventual trial in this matter. This Court, in its Order Granting In Part And Denying In Part Defendants' Motion To Dismiss, And Denying Defendants' Motion To Supplement, [Doc. #84], already decided that issue. Defendant Klamser chose not appeal this Court's motion to dismiss order. If he wished to raise the *Heck* issue with the appellate court, he could have done so by appealing this Court's order on his motion to dismiss. By failing to do so, he has waived any claim that *Heck* now provides him with jurisdiction for his current attempted interlocutory appeal, which rests completely on material facts that this Court has found to be disputed, and is fully about whether Klamser's use of force against Plaintiff, after her initial resistance, was objectively reasonable under the circumstances. *See* [Doc. #154].

appeal as frivolous in an extremely analogous situation, *Valdez*, 416 F. Supp. 3d at 1255, which was affirmed by the Tenth Circuit. *Valdez v. Motyka*, 804 F. App'x 991, 995 (10th Cir. 2020).

Instead, Defendant Klamser attempts to distinguish the caselaw this Court relied upon in finding that disputed issues of material fact precluded summary judgment. Defendant Klamser's entire argument in this regard is beside the point. Numerous courts have taken the approach that if in the district court's judgment there are true factual disputes that must be resolved at trial, or if there is no genuine dispute about the inappropriateness of qualified immunity, a interlocutory qualified immunity appeal should be certified as frivolous. *See Heller v. Woodward*, 735 F. Supp. 996, 998-99 (D.N.M. 1990); *Bean v. City of Buffalo*, 822 F. Supp. 1016, 1019 (W.D.N.Y. 1993); *Dickerson by & Through Stephens v. McClellan*, 844 F. Supp. 391, 394 (M.D. Tenn. 1994), *vacated without opinion by Dickerson by Stephens v. McClellan*, 41 F.3d 1506 (6th Cir. 1994). In such a circumstance, an appellate court can provide no assistance simply because crucial facts remain to be decided, and such factfinding is the province of the jury. *See Dickerson by & Through Stephens*, 844 F. Supp. at 394 (M.D. Tenn. 1994).[3]

---

[3] Additionally, strong support for this approach, certifying appeals based on disputed issues of material fact as frivolous due to their inherent lack of appellate jurisdiction, is found within *Mitchell v. Forsyth* itself. 472 U.S. 511, 528 (1985). The Supreme Court in that case explicitly noted that qualified immunity appeals should involve only questions of law:

> All [the appellate court] need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, in cases where the district court has denied summary judgment for the defendant on the ground that even under the defendant's version of the facts the defendant's conduct violated clearly established law, whether the law clearly proscribed the actions the defendant claims he took.

*Id.* at 528. The Court continued, "[w]e emphasize at this point that the appealable issue is a purely legal one: whether the facts alleged (by the plaintiff, or, in some cases, the defendant) support a claim of violation of clearly established law." *Id.* at 528 n.9. Hence, the Supreme Court's granting of a right to an interlocutory appeal on the qualified immunity issue was

3

For example, over thirty years ago, in *Heller*, a New Mexico District Court provided a detailed description of the standard of frivolousness as applied to an appeal from a denial of qualified immunity. 735 F. Supp. at 998-99. After denying the defendant's claim of qualified immunity, the District of New Mexico tallied the numerous factual disputes existing on issues material to the qualified immunity defense and concluded that an appeal of the earlier denial would be "baseless and frivolous" in light of the many material facts in dispute. *Id.*. The court based its frivolousness judgment on the existence of genuine disputes of material facts. *Id.* More recently, this Court did the same thing in *Valdez v. Motyka*, holding that disputed facts precluded appellate jurisdiction and, therefore, certifying Defendants interlocutory appeal as frivolous. 416 F. Supp. 3d 1250, 1255 (D. Colo. 2019).

This Court should follow these decisions and, in doing so, hold that Defendant Klamser's interlocutory qualified immunity appeal is frivolous because it is premised on disputed issues of material fact.

3. **The facts that Defendant Klamser bases his appeal on are hotly disputed.**

Defendant Klamser spends a majority of his response **factually** distinguishing precedent cited by this Court as the basis for denying his summary judgment motion. [Doc. #167], p. 7-12. Again, the facts that Defendant Klamser highlights in arguing that he did not violate clearly established law *are in dispute*. That is explicitly what this Court stated when denying summary judgment; it is what divests the appellate court of jurisdiction; and, it is what makes Defendant Klamser's interlocutory appeal frivolous.

---

premised on the assumption that such appeals would involve only legal questions based on undisputed material facts.

4

First, Defendant Klamser's description of the technique he used to slam Ms. Surat face down to the pavement is hotly disputed. Plaintiff's expert called the technique a "face plant" or "head plant" not a "rowing arm takedown"; and he opined that such a maneuver is not approved for use by police officers except "in the most aggravated of cases where there is a deadly force confrontation occurring or about to occur." [Doc. #128-6], p. 12. Plaintiff's expert stated that all techniques that cause an arrestee's head to slam into the ground are essentially the same maneuver and, again, should are not approved for use by police officers except "in the most aggravated of cases where there is a deadly force confrontation occurring or about to occur." *Id*. This makes Defendant Klamser's attempt to distinguish the alleged "rowing arm technique" from other takedowns for purposes of qualified immunity to be a factual dispute, and one that is hotly contested.

Second, Defendant Klamser states that Plaintiff was convicted of a crime that established Plaintiff "used violence or the threat of bodily injury" against Defendant Klamser. [Doc. #167], p. 8. This is not true, or at the very least hotly disputed. The crimes Ms. Surat was convicted of did not require that she have "used violence of the threat of bodily injury" against Defendant Klamser. Neither involved the "threat of bodily injury[.]" Also, the elements of each offense could be satisfied by lesser conduct than violence, such as "threatening to use physical force[,]" [Doc. #128-11], p. 7, or "threatening to use… physical interference or obstacle[.]" *Id*, p. 8. And, to be convicted of the crimes outlined by Defendant Klamser, Plaintiff need not have even taken these actions against Defendant Klamser: she could have been convicted for taking all of these actions against someone else other than Defendant Klamser. *Id.*, p. 7-8. There is nothing in record establishing that Plaintiff was was convicted of a crime that established Plaintiff "used

5

violence or the threat of bodily injury" against Defendant Klamser, which makes this a hotly disputed fact that divests the appellate court of jurisdiction. [Doc. #167], p. 8.

Third, Defendant Klamser claims that another thing that factually distinguishes the cases relied on by this Court in denying summary judgment from the case at bar is that those cases involved an officer who used force that caused an arrestee's "head to strike [] concrete[.]" [Doc. #167], p. 8. In this case, it is at the very least a disputed fact that Defendant Klamser threw Surat to the ground causing her head to strike concrete. [Doc. #128-4].

Fourth, Defendant Klamser claims that he never used force against Plaintiff while she was already on the ground, and that this is a basis for his qualified immunity appeal. [Doc. #167], p. 10. This is a hotly disputed fact, and it is clear from the video of the incident that Defendant Klamser continues to use force against Plaintiff even after she is taken to the ground; including pushing her to the ground after her slams her head into the pavement while yelling "stay down." [Doc. #128-4]; [Doc. #118-2].

In sum, though Defendant Klamser "argue[s] legal errors pervade the [this Court's] view of the facts concerning seizure and objective reasonableness, in the end [he is] challenging the district court's view of the facts." *Valdez*, 804 F. App'x at 995. Therefore, the Tenth Circuit lacks jurisdiction to hear Defendant Klamser's appeal, it is frivolous, and this Court should certify it as such. *Valdez*, 416 F. Supp. 3d at 1259.

4. **Public policy interests weigh in favor of certifying Officer Klamer's appeal as frivolous.**

In attempting to counter the voluminous public policy rationales outlined by Plaintiff in her motion, Defendant Klamser fails to reckon with the fact that this case is still proceeding to trial against Defendant Fort Collins even if Defendant Klamser has jurisdiction for his appeal (which he does not). Having two trials in this matter, first against Defendant Fort Collins and

6

then against Defendant Klamser, is a waste of judicial resources. Further, since this Court held that the disposition of Defendant Klamser's claims turned on disputed issues of material fact, it is important that the claims against Defendant Klamser go in front of the factfinder prior to being examined on appeal. It would be judicially inefficient, and a waste of the Tenth Circuit's time and resources, to hear an appeal that it lacks jurisdiction to hear and that it would only be appropriately positioned to hear after a trial in front of the factfinder in this case. For these reasons, Defendant Klamser's policy arguments fail.

5. **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests this Court set a hearing and certify Defendant Klamser's appeal as frivolous.

Respectfully submitted this 25th day of August 2021.

KILLMER, LANE & NEWMAN, LLP

*s/ Andrew McNulty*
David Lane
Andy McNulty
1543 Champa Street, Suite 400
Denver, Colorado 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
dlane@kln-law.com
amcnulty@kln-law.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of August 2021, I filed a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO CERTIFY DEFENDANT KLAMSER'S INTERLOCUTORY APPEAL AS FRIVOLOUS AND REQUEST FOR HEARING** which will serve the following via E-Mail:

Mark Ratner
Hall & Evans, LLC
1001 Seventeenth Street, Ste 300
Denver, CO 80202
303-628-3492
ratnerm@hallevans.com
*Counsel for Defendants*

　　　　　　　　　　　　　　　　　　　　　　*s/ Andy McNulty*
　　　　　　　　　　　　　　　　　　　　　　Andy McNulty