**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 19-cv-0901-WJM-NRN

MICHAELLA LYNN SURAT,

    Plaintiff,

v.

RANDALL KLAMSER, in his individual capacity, and
CITY OF FORT COLLINS, COLORADO, a municipality,

    Defendants.

---

## ORDER CERTIFYING INTERLOCUTORY APPEAL AS FRIVOLOUS

---

This matter is before the Court on Plaintiff Michaella Surat's Motion to Certify Defendant Randall Klamser's Interlocutory Appeal as Frivolous ("Motion") (ECF No. 161). For the following reasons, the Motion is granted.

### I. BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the facts underlying this action and incorporates by reference the factual summary contained in the Court's July 13, 2021 Order Denying Defendants' Motion for Summary Judgment ("Order"). (ECF No. 154.)

In its Order, the Court denied summary judgment to Defendants Klamser and the City of Fort Collins, Colorado (jointly, "Defendants"). (*Id.*) As to Klamser, the Court found that Surat had presented evidence creating a genuine issue of material fact as to whether Klamser committed a constitutional violation. (*Id.* at 5–8.) The Court further found that she had presented evidence, albeit disputed, from which a reasonable trier of

fact could conclude that Klamser had violated clearly established law.[1]  (*Id.* at 8–10.) The Court therefore concluded that Klamser was not entitled to qualified immunity.  (*Id.*)

In response to the denial of qualified immunity, Klamser filed a Notice of Appeal on August 10, 2021.  (ECF No. 158.)  Surat filed her Motion on August 12, 2021, seeking an order from this Court certifying Klamser's interlocutory appeal as frivolous. (ECF No. 161.)  Klamser responded on August 19, 2021, and Surat replied on August 25, 2021.  (ECF Nos. 167 & 170.)

## II. LEGAL STANDARD

### A. Frivolous Interlocutory Appeal

In *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990), the Tenth Circuit held that an appeal of the denial of qualified immunity would not prevent the district court from continuing to adjudicate the case "if the district court (1) after a hearing and, (2) for substantial reasons given, (3) f[inds] the [interlocutory appeal] to be frivolous."  915 F.2d at 576.  In other words, "[o]nce a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed.  To regain jurisdiction, it must take the affirmative step of certifying the appeal as frivolous or forfeited . . . ."  *Id.* at 577.  To determine whether an appeal is frivolous, this Court must essentially perform the same qualified immunity analysis that the Tenth Circuit would be required to perform in the context of the interlocutory appeal.

---

[1] The Court conducted the clearly established law analysis although the Tenth Circuit has held that if—after consideration of the factors set forth in *Graham v. Connor*, 490 U.S. 386, 396 (1989)—the Court determines that issues of material fact exist as to the existence of a Fourth Amendment violation, the clearly established prong of the qualified immunity analysis is deemed satisfied.  (ECF No. 154 at 8–10; *see also Morris v. Noe*, 672 F.3d 1185, 1197 (10th Cir. 2012).)

**B.    Qualified Immunity**

Public employees acting in their individual capacities are presumed to be immune from suit.  See *Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990).  "In civil rights actions seeking damages from governmental officials, those officials may raise the affirmative defense of qualified immunity, which protects all but the plainly incompetent or those who knowingly violate the law."  *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001) (internal quotation marks and citation omitted).  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).  Moreover, "summary judgment motions may not be granted on any excessive force claims under § 1983 for which any genuine issue of material fact remains—regardless of whether the potential grant would arise from qualified immunity or from a showing that the officer merely had not committed a constitutional violation."  *Bridges v. Yeager*, 352 F. App'x 255, 258 (10th Cir. 2009) (citing *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1314 (10th Cir. 2002)).

### III. ANALYSIS

Surat contends that Klamser's appeal necessarily turns on disputed issues of fact, given that such determination was the basis for the Court's decision to deny summary judgment.  (ECF No. 161.)  In response, Klamser asserts that his appeal is

premised on whether clearly established law prohibited his actions.[2]  (ECF No. 167 at 4–12.)  Specifically, he argues that the law was not clearly established that he was unable to use the takedown maneuver on an arrestee actively resisting arrest through threat or use of physical force.  (ECF No. 167 at 6; *see also* Colo. Rev. Stat. § 18-8-103(1).)  He further devotes much of his response to distinguishing the cases on which the Court relied in determining that the law was clearly established.  (*Id.* at 7–11.)

Klamser's argument is misplaced, as the Tenth Circuit has held that where a reasonable jury could conclude that the *Graham* analysis[3] establishes a Fourth Amendment violation, it does not "require a second decision with greater specificity to establish the law."  *See Morris*, 672 F.3d at 1197.  Although the Court, for the sake of thorough analysis, cited several analogous cases in support of its determination that clearly established law prohibited Klamser's actions, no more specific case was necessary to overcome his assertion of qualified immunity because Surat presented evidence from which a reasonable jury could conclude that a constitutional violation had in fact occurred.  *See id.*

Finally, to the extent Klamser argues that no issues of fact exist as to the second *Graham* factor—whether the arrestee posed an immediate threat to officer safety—because of Surat's conviction for resisting arrest, such argument is also without merit.

---

[2] Klamser first argues in general terms that the filing of a notice of appeal deprives a district court of jurisdiction, but as discussed above, the exception set forth in *Stewart* renders this argument unavailing.  *See Stewart*, 915 F.2d at 576.

[3] To determine whether an officer's actions were objectively reasonable under *Graham*, a court considers: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers, and [3] whether [s]he is actively resisting arrest or attempting to evade arrest by flight."  *Fisher v. City of Las Cruces*, 584 F.3d 888, 894 (10th Cir. 2009) (citing *Graham*, 490 U.S. at 396).  A plaintiff must also suffer some injury that is not *de minimis*, *Cortez v. McCauley*, 478 F.3d 1108, 1129 n.25 (10th Cir. 2007), but Defendants do not dispute that Surat's injuries satisfy this requirement.

Klamser appears to argue that because one element of Surat's resisting arrest conviction is that the arrestee's actions "were subjecting him to, or threatening him with, physical force or violence, or putting him at substantial risk of bodily injury," Surat *necessarily* posed an immediate threat to his safety. (ECF No. 167 at 6; *see also* Colo. Rev. Stat. § 18-8-103(1).) Throughout the response, Klamser conflates the clauses of this element, contending that Surat's conviction establishes that he was at substantial risk of bodily injury and therefore justified his use of the takedown maneuver. (ECF No. 167 at 10–11.)

Klamser's suggestion that Surat's conviction *required* a finding that she placed him at substantial risk of bodily injury is, at the very least, misleading. It is not difficult to imagine a situation where a lesser included element of the offense is satisfied—*i.e.* Surat threatened Klamser with physical force—but where Klamser was not in any immediate danger such that his use of the rowing arm takedown was justified under the *Graham* analysis. Thus, as the Court determined, clear questions of disputed fact exist as to whether Surat posed an immediate threat to Klamser's safety. As a result, the Court concluded, and herein reaffirms, that this genuine issue of material fact precluded a finding of qualified immunity in Klamser's favor. (ECF No. 154 at 6.)

Viewing the evidence in the light most favorable to Surat, as the Court was required to do on summary judgment, the Court determined that issues of fact exist as to whether Surat posed an immediate threat to Klamser's safety, and whether she was actively resisting arrest or was a flight risk.[4] (*Id.*) Klamser fails to acknowledge the

---

[4] Klamser does not dispute that the first *Graham* factor—the severity of the crime at issue— favors Surat. *See Roe v. City of Cushing*, 13 F.3d 406 (10th Cir. 1993) (table) (finding conviction of resisting arrest not severe); C*asey v. City of Fed. Heights*, 509 F.3d 1278, 1281 (10th Cir. 2007) (finding obstruction a minor crime).

5

Tenth Circuit's decision in *Morris*, which clearly states that where the *Graham* factors favor a constitutional violation, no more specific case law is required to overcome a defendant's assertion of qualified immunity.  Klamser's interlocutory appeal is a thinly-veiled and poorly-reasoned attempt to thwart the Court's clear determination that disputed issues of fact preclude a grant of summary judgment in his favor.  Accordingly, and as it must on this record, the Court concludes that this appeal is frivolous and grants the Motion.[5]

## IV. CONCLUSION

For the reasons set forth above, Surat's Motion (ECF No. 161) is GRANTED, and the Court reassumes and reasserts jurisdiction over this dispute.

Dated this 2nd day of September, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[5] Courts have not uniformly required a hearing before certifying an appeal as frivolous.  *See, e.g.*, *Valdez v. Motyka*, 416 F. Supp. 3d 1250 (D. Colo. 2019) (granting motion to certify appeal as frivolous without a hearing); *Martinez v. Mares*, 2014 WL 12650970, at *1–4 (D.N.M. Sept. 22, 2014) (same); *Monarque v. City of Rio Rancho*, 2012 WL 13076594, at *1–2 (D.N.M. Apr. 13, 2012) (stating that hearing was unnecessary and granting motion to certify interlocutory appeal as frivolous).  As the Motion and appeal turn solely on legal issues, the Court finds that an evidentiary hearing would not assist in resolving the Motion and rules based on the parties' briefing.