IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00901-WJM-NRN

MICHAELLA LYNN SURAT,

      Plaintiff,

v.

RANDALL KLAMSER in his individual capacity, and
CITY OF FORT COLLINS, a municipality,

      Defendants.

---

## DEFENDANTS RANDALL KLAMSER AND CITY OF FORT COLLINS MOTION TO VACATE THE SEPTEMBER 12, 2022 TRIAL AND STAY THE MATTER OR, IN THE ALTERNATIVE, TO CONTINUE TRIAL

---

Defendants RANDALL KLAMSER, in his individual capacity, and the CITY OF FORT COLLINS, by and through their attorneys Hall & Evans, L.L.C., and the Fort Collins City Attorney's Office, hereby submit this Motion to Vacate the September 12, 2022 Trial or, in the Alternative, to Continue Trial, as follows:

### CERTIFICATION OF CONFERRAL

Undersigned Counsel conferred with Counsel for the Plaintiff regarding the requested relief.  Plaintiff's Counsel objects to Defendants' Motion.

### I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff alleges an excessive force claim against Officer Klamser pursuant to the Fourth Amendment for using a takedown maneuver during her arrest.  On June 7, 2019, Defendants filed a Motion to Dismiss (the "2019 Motion to Dismiss") arguing Plaintiff's excessive force claim was

barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),  (ECF 23), and Plaintiff's criminal convictions for resisting arrest and obstruction of a police officer.

On February 24, 2020, following briefing on the 2019 Motion to Dismiss (ECF 28 & 34), this Court issued its Order granting in part and denying in part the Defendants' Motion.  As is pertinent to the request for qualified immunity, this Court held Plaintiff's claim of excessive force arising prior to Officer Klamser's takedown of Plaintiff was barred by *Heck,* and as a result the remaining claim was limited to the question of whether Officer Klamser used greater force than reasonably necessary to overcome Plaintiff's resistance during the takedown (ECF 84 at 10-13 ("In this light, the Court deems Surat to confess Defendants' *Heck* argument as to everything before the takedown, and Defendants' motion will be granted with prejudice as to any claim of excessive force based on Klamser's alleged pre-takedown actions")).  This Court, however, cautioned Plaintiff she faced a "formidable burden" under *Heck*, which burden would be even more formidable if Officer Klamser subsequently raised the defense of qualified immunity (which was not raised in the 2019 Motion to Dismiss).  In addition, this Court's Order dismissed Plaintiff's claim against the City for failure to state a cognizable municipal liability claim.

Plaintiff subsequently filed a First Amended Complaint on August 24, 2020, and on September 14, 2020, Defendants filed another Motion to Dismiss (the "2020 Motion to Dismiss"). Discovery concluded while the 2020 Motion to Dismiss was still pending.  Pursuant to the terms of the Scheduling Order, both Officer Klamser and the City of Fort Collins filed a Motion for Summary Judgment (ECF 118).  Among the issues presented, Officer Klamser argued there was no clearly established law which made his actions unconstitutional, given the Supreme Court's ruling in *Heck*, coupled with Plaintiff's convictions for resisting arrest and obstruction, both of

2

which contain elements of violence and physical force aimed at Officer Klamser as the arresting officer.  The City also argued there was no liability based on the absence of any underlying constitutional violation and the lack of any identification of a custom, practice, policy, or procedure.

On April 12, 2021, this Court denied the 2020 Motion to Dismiss without prejudice as moot.  The Court's denial was based on the determination Defendants' Motion for Summary Judgment raised the same arguments as the 2020 Motion to Dismiss, and therefore superseded the 2020 Motion to Dismiss (ECF 150).

On July 13, 2021, this Court denied the Motion for Summary Judgment, including Officer Klamser's request for qualified immunity (ECF 154).

On August 10, 2021, Officer Klamser filed a Notice of Appeal ("Appeal"), respecting the denial of qualified immunity (ECF 158).

On August 12, 2021, Plaintiff filed a Motion to Certify Officer Klamser's Motion as Frivolous (ECF 161).  The matter was fully briefed, and on September 2, 2021, the Court granted Plaintiff's Motion (ECF 175).

On September 27, 2021, Plaintiff filed a Motion to Dismiss the Appeal with the Tenth Circuit.  On September 28, 2021, the Tenth Circuit issued an Order indicating Plaintiff's Motion would be referred to the panel of judges assigned to hear the appeal on the merits (***Exhibit A***).

On July 8, 2022, the Tenth Circuit issued an Order setting the Appeal for an in-person oral argument, on September 28, 2022.  (***Exhibit B***).

This matter is set for a five-day jury trial, beginning on September 12, 2022, which is prior to the oral argument set before the Tenth Circuit and prior to any decision by the Tenth Circuit on

either the Plaintiff's Motion to Dismiss the Appeal or the merits of Officer Klamser's qualified immunity.

Officer Klamser and the City of Fort Collins are seeking to stay this matter and vacate the trial date, or in the alternative to continue the trial to a later date.  In particular, since the date set for the oral argument on the Appeal is sixteen-days *after* the trial in this matter, there is a potential for the Tenth Circuit to determine this Court does not have jurisdiction over the issue of qualified immunity, thereby creating a nullity in any jury verdict rendered against the Defendants.

## II.   ARGUMENT

The Tenth Circuit issued an Order setting the Appeal for oral argument, on September 28, 2020, which is sixteen-days after the trial in this matter.  It is anticipated a decision with respect to the Appeal will be issued anytime between 3 months to a year after the oral argument.  As such, the Defendants are requesting the trial in this matter be vacated and a stayed, until such time as the Tenth Circuit rules on the Appeal.

Although this Court has retained jurisdiction over the claims involving Officer Klamser as well as the claims against the City, moving forward with a trial has the potential of resulting in an inconsistent and unenforceable verdict with respect to Officer Klamser should the Tenth Circuit conclude it has appellate jurisdiction over his interlocutory appeal and grant him qualified immunity.  That is, if a jury returns a verdict against Officer Klamser, and the Tenth Circuit subsequently grants him qualified immunity, any verdict effectively becomes "legally void" and a nullity.  *See e.g., **Grove v. Groome***, 817 F. App'x 551, 556 (10th Cir. 2020) (citing Black's Law Dictionary (11th ed. 2019)).  Likewise, should a verdict be rendered against the City, and the Tenth

Circuit conclude there was no underlying constitutional violation supporting a *Monell* claim, any such verdict against the City will also become a nullity.

Consideration for a stay should also be given in light of the time and resources which will necessarily be expended for trial. In particular, should the Tenth Circuit rule in Officer Klamser's favor, the Court and the parties would have expended a great deal of time and resources to litigate a matter which ultimately has no effect on the parties' rights,[1] and on a matter which this Court did not have jurisdiction over at the time of trial. Specifically, although it was determined the Appeal was frivolous, it is the Tenth Circuit, and not this Court, which must determine its appellate jurisdiction over Officer Klamser's appeal. *See, e.g., Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001) (noting appellate court has an independent duty to examine its own jurisdiction); *Garrett v. Stratman*, 254 F.3d 946, 951 (10th Cir. 2001) (same in qualified immunity interlocutory appeal). It is also well-established a decision by a district court to certify an interlocutory appeal as frivolous does not impact an appellate court's ability to continue to consider the appeal. "Once a district court so certifies that the defendant's appeal is frivolous and thus regains jurisdiction, that does not affect our jurisdiction. 'Rather, both the district court and court of appeals shall have jurisdiction to proceed.'" *Langley v. Adams Cty*, 987 F.3d 1473, 1477 (10th Cir. 1993) (quoting *United States v. Himes*, 689 F.2d 934, 937 (10th Cir. 1982)). Here, because the Tenth Circuit did not rule on the Plaintiff's Motion to Dismiss the Appeal on an expedited basis and instead referred the Motion to the merits panel, that suggests a full consideration of the appellate jurisdiction issue will be part of the upcoming oral argument. Presumably, if the Tenth

---

[1] Likewise, the jury would have expended time and effort to fulfil their civic duties and obligations, for no actual purpose.

Circuit thought the appellate jurisdiction issue was clear-cut and straightforward it would have ruled on the Plaintiff's Motion already and dismissed the appeal. The Tenth Circuit's failure to do so is suggestive of its potential disagreement with this Court's conclusion. In consideration of both the ability to proceed vis-à-vis the consequences of doing so, this matter should be stayed and the trial date vacated pending the Tenth Circuit's determination.

### A.    String Cheese Factors Favor Defendants.

"(T)he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936) (citing *Kansas City Southern Ry. v. United States*, 282 U.S. 760, 763 (1931)).

In consideration for a request for a stay, the District Court of Colorado considers the factors identified in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). The factors include (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Hamer v. City of Trinidad*, 2019 U.S. Dist. LEXIS 137308 at *3, ftnt. 1 (D. Colo. August 14, 2019), citing *String Cheese, supra* at *2.

### B.   There Is No Prejudice To The Plaintiff If There Is A Delay

Certainly, every Plaintiff has an interest in proceeding with litigation in as expeditious matter as possible. But, that issue alone should be insufficient to proceed until such time as it has been determined by the Tenth Circuit that this Court actually has jurisdiction. Furthermore, with

respect to the pending civil matter, Plaintiff's interests have been status quo and she is unable to articulate any legitimate reason for proceeding while the Appeal is still pending.  Simply, Plaintiff was already convicted of obstructing a police officer and resisting arrest. (*See* ECF 118, at 11) ("At the conclusion of the trial, Plaintiff was found guilty of both charges, and the convictions were affirmed on appeal. (See Order Affirming County Court Convictions, Larimer County Court Case No. 2017M965, 10/29/2019, previously submitted at ECF 55-1)).  Any issues with respect to this matter have either been resolved or are awaiting trial.  Other than a desire to proceed, Plaintiff cannot articulate any substantial reason as to why she might be prejudiced with application of a stay.  All the witnesses have been identified long ago, documents have been exchanged, depositions have occurred and all discovery in this matter concluded.

        **C.**     **The Burden On The Defendants Is Significant.**

As argued above, by proceeding with trial, the Defendants face the potential of expending resources which would not otherwise need to be expended should the Tenth Circuit ultimately conclude Officer Klamser is entitled to qualified immunity on either the basis there was no constitutional violation or the law was not clearly established at the time of a violation.  The burden of proceeding with a five-day trial and the potential for the verdict against them becoming a nullity is significant.

        **D.**     **Staying The Matter Would Be Convenient To The Court.**

Waiting until the Tenth Circuit makes its decision could potentially avoid expending resources on a trial and issues which this Court does not have jurisdiction over.  A stay until such time as the Tenth Circuit rules would undoubtedly avoid this potential prospect.

        **E.**     **The Interests Of Persons Not Parties To This Litigation And The Public Weigh In Favor Of A Stay.**

A jury's role as the fact-finder in a civil matter is paramount to the effectiveness of our judicial system. Likewise, the public's trust with respect to the importance of a jury's role in the process is equally important. To empanel a jury for a matter which ultimately may become a legal nullity, however, undermines the very purpose of having a jury in the first place. Proceeding with what might become an unnecessary trial, has the potential of destroying confidence in the jury system both from the public's perspective, and creating the untenable perception that a jury's obligation is only secondary to the parties' rights to proceed. The issue becomes creation of a perception that a juror's service is peripheral and unnecessary. Further, while public service on a jury is important it can also be a burden on jurors. The parties and the court ask jurors to give up time out of their daily lives, miss work, miss family obligations, drive to court, and spend time during the trial in the courtroom. A stay avoids any such issues.

Likewise, Ms. Surat and Officer Klamser are not the only witnesses to this matter. There are many other witnesses who will be required to attend trial and provide testimony, all on the potential notion that their efforts could become nullified by the Tenth Circuit.

III.    CONCLUSION

Although this Court retains jurisdiction over the claims against the City and Officer Klamser, the benefits of a stay of the proceedings and vacating the trial date far outweigh the potential disadvantages and waste of resources should the Tenth Circuit rule in Officer Klamser's favor. It is more judicious to wait and see what the Tenth Circuit decides concerning both its own subject matter jurisdiction and the merits of Officer Klamser's qualified immunity before proceeding further.

WHEREFORE, Defendants Randall Klamser and the City of Fort Collins respectfully request the Court grant their Motion, stay the proceedings, vacate the trial date, and enter any other relief deemed just.

Dated: July 12, 2022

Respectfully submitted,

s/ *Mark S. Ratner*
Mark S. Ratner, Esq.
Gina M. Rossi, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
rossig@hallevans.com
Attorneys for Defendants

s/ *John R. Duval*
John R. Duval, Esq.
Deputy City Attorney
City of Fort Collins
P.O. Box 580
Fort Collins, CO 80522
(970) 221-6520
jduval@fcgov.com
Attorneys for Defendants

**<u>CERTIFICATE OF SERVICE (CM/ECF)</u>**

      I HEREBY CERTIFY that on the 12th of July 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lane, Esq.
Andrew McNulty, Esq.
Killmer, Lane & Newman, LLP
1543 Champa St,  Suite 400
Denver, CO  80202
303-571-1000 Phone
303-571-1001 Fax
dlane@kln-law.com
amcnulty@kln-law.com
***Attorneys for Plaintiff***

<u>Sarah M. Stefanick, Legal Assistant to</u>
Mark S. Ratner, Esq.
Gina M. Rossi, Esq.
Hall & Evans, L.L.C.
1001 Seventeenth St., Suite 300
Denver, CO  80202
Phone: 303-628-3300
Fax:      303-628-3368
ratnerm@hallevans.com
rossig@hallevans.com

**ATTORNEYS FOR DEFENDANTS**