IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Case No. 19-cv-0901-WJM-NRN

MICHAELLA LYNN SURAT,

    Plaintiff,

v.

RANDALL KLAMSER, in his individual capacity, and
CITY OF FORT COLLINS, COLORADO, a municipality,

    Defendants.

## ORDER GRANTING DEFENDANTS RANDALL KLAMSER AND CITY OF FORT COLLINS'S MOTION TO VACATE THE SEPTEMBER 12, 2022 TRIAL AND STAY THE MATTER OR, IN THE ALTERNATIVE, TO CONTINUE TRIAL

Before the Court is Defendants Randall Klamser and City of Fort Collins's (jointly, "Defendants") Motion to Vacate the September 12, 2022 Trial and Stay the Matter Or, In the Alternative, to Continue Trial ("Motion").  (ECF No. 179.)  Plaintiff Michaella Lynn Surat responded.  (ECF No. 182.)  The Court presumes the parties' familiarity with the procedural history of this case, which is also documented in the Motion.  (*See* ECF No. 179 at 1–3.)

This case is set for a 5-day jury trial to begin on September 12, 2022.  (ECF No. 178.)  In the Motion, Defendants state that on July 8, 2022, the Tenth Circuit issued an order setting Klamser's appeal for an in-person oral argument on September 28, 2022. (ECF No. 179 at 3.)  Given the close temporal proximity between the oral argument before the Tenth Circuit and the impending trial date before this Court, Defendants request that the Court stay this matter and vacate the trial date, or in the alternative,

continue the trial to a later date.  (*Id.* at 4.)

For the following reasons, the Court grants Defendants' Motion to the extent that the Court vacates the trial dates and stays this matter pending the Tenth Circuit's ruling on Klamser's appeal.

"It is well settled that federal courts have statutory or inherent power to stay judgments and orders pending appeal."  *J. Perez & Cia., Inc. v. United States*, 578 F. Supp. 1318, 1320 (D.P.R. 1984) (citing Fed. R. Civ. P. 62(d)).  However, both parties cite to caselaw on the factors that the Court generally considers in analyzing the appropriateness of a stay of discovery.  (*See* ECF No. 179 at 6 *and* ECF No. 182 at 3 (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).)  The Court finds that the Motion is more properly reviewed under the factors set forth in *Nken v. Holder*, 556 U.S. 418, 427 (2009), which the Court applies when deciding whether to stay a matter pending appeal.  *See, e.g.*, *Robertson v. REP Processing, LLC*, 2021 WL 5354713, at *3 (D. Colo. Oct. 12, 2021); *Montoya v. City & Cnty. of Denver*, 2021 WL 8087380, at *1 (D. Colo. July 27, 2021).

The factors governing issuance of a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Regarding the first factor, the Court acknowledges that it certified the interlocutory appeal as frivolous.  (ECF No. 175.)  However, Defendants make a salient point regarding the procedural posture of the appeal: although Plaintiff filed a motion to

dismiss the appeal on an expedited basis, the Tenth Circuit did not rule on that motion and instead referred it to the merits panel. (ECF No. 179 at 5.) As Defendants emphasize, this appellate procedure suggests that a full consideration of the appellate jurisdiction issue will be a part of the upcoming oral argument and that presumably, if the Tenth Circuit thought the appellate jurisdiction issue was clear-cut and straightforward, it would have ruled on Plaintiff's motion already and dismissed the appeal. (*Id.* at 5–6.) While the Court would obviously disagree with any conclusion that the appeal has merit—given its certification of the appeal as frivolous—the Court agrees with Defendants that the Tenth Circuit's failure to immediately dismiss the appeal "is suggestive of its potential disagreement with this Court's conclusion." (*Id.* at 6.) Therefore, the Court concludes that this factor, concerning likelihood of success of the stay applicant, slightly favors Defendants.

With respect to the irreparable injury factor, the Court finds that this factor is neutral, or only *slightly* favors Defendants. Defendants argue that they "face the potential of expending resources which would not otherwise need to be expended should the Tenth Circuit ultimately conclude Officer Klamser is entitled to qualified immunity on either the basis there was no constitutional violation or the law was not clearly established at the time of a violation." (*Id.* at 7.) Accordingly, Defendants argue that "[t]he burden of proceeding with a five-day trial and the potential for the verdict against them becoming a nullity is significant." (*Id.*) While the Court cannot find that this argument suffices to demonstrate irreparable harm, the Court agrees that proceeding with trial as scheduled would significantly inconvenience Defendants. As such, this factor is neutral or only slightly favors Defendants.

3

The third factor considers whether issuance of the stay will substantially injure the other parties interested in the proceeding. Plaintiff argues that she would be "substantially prejudiced by a stay" because a stay might delay the proceedings for an unknown period of time. (ECF No. 182 at 5.) Additionally, she argues that after over five years, she "deserves her day in court." (*Id.*) While the Court agrees that Plaintiff deserves her day in court, she has not demonstrated *substantial injury* should this Court stay the matter pending the Tenth Circuit's ruling. Therefore, the Court finds that this factor weighs in Defendants' favor.

Finally, the Court addresses where the public interest lies. Plaintiff underscore's the public's interest in "prompt and efficient" handling of all litigation and that delay is of "social concern" due to the fact that it is "cost prohibitive and threatens the credibility of the justice system." (*Id.* at 7.) She also states that "other third-party individuals" have a strong interest in learning as soon as possible whether her allegations are true. (*Id.* at 8.)

By contrast, Defendants argue that to "empanel a jury for a matter which ultimately may become a legal nullity, however, undermines the very purpose of having a jury in the first place." (ECF No. 179 at 8.) Additionally, they contend that "[p]roceeding with what might become an unnecessary trial, has the potential of destroying confidence in the jury system both from the public's perspective, and creating the untenable perception that a jury's obligation is only secondary to the parties' rights to proceed." (*Id.*)

The Court determines that the public has no specific, defining interest in this trial proceeding in September, as opposed to after the Tenth Circuit rules on Klamser's

4

appeal. Therefore, the Court finds that this factor is neutral, or only slightly favors Defendants, because it will be more efficient with respect to the public's time and pocketbook to try the case once the Tenth Circuit has determined whether or not Klamser is entitled to qualified immunity.

Given the foregoing, the Court finds that on balance, the *Nken* factors weigh in favor of a stay pending appeal.

Therefore, for the reasons stated above, the Court ORDERS the following:

1. Defendants Randall Klamser and City of Fort Collins's Motion to Vacate the September 12, 2022 Trial and Stay the Matter Or, In the Alternative, to Continue Trial (ECF No. 179) is GRANTED to the extent set forth above;

2. This case is STAYED until further Order of Court;

3. The Court VACATES the Final Trial Preparation Conference, set for August 26, 2022, and the jury trial, set to begin September 12, 2022 (ECF No. 178);

4. The Clerk of Court is DIRECTED to ADMINISTRATIVELY CLOSE this case pending the outcome of Klamser's appeal in the Tenth Circuit; and

5. No later than **7 days** after the Tenth Circuit rules on Klamser's appeal, the parties are DIRECTED to file a joint status report stating the results of the appeal and their positions for proceeding with this litigation.

Dated this 22nd day of July, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge