IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-0901-WJM-NRN

MICHAELLA LYNN SURAT,

    Plaintiff,

v.

CITY OF FORT COLLINS, a municipality,

    Defendant.

## ORDER ON MOTIONS *IN LIMINE*

Before the Court are: (1) Plaintiff Michaella Lynn Surat's Motion *In Limine* ("Plaintiff's MIL") (ECF No. 206); and (2) Defendant City of Fort Collins's Amended Motion *In Limine* ("Defendant's MIL") (ECF No. 205). Both motions are ripe. (ECF Nos. 206, 209, 210, 213.)

For the following reasons, Plaintiff's MIL is granted in part and denied in part, and Defendant's MIL is granted.

## I. LEGAL STANDARD

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any

tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

## II. *MONELL* THEORY

Defendant raises the issue of Plaintiff purportedly invoking different theories of *Monell* liability, making defending this case something of a "moving target." (ECF No. 210 at 3 n.1.) In Plaintiff's reply brief, she explains that she is "proceeding on the failure to train *Monell* theory of liability." (ECF No. 212 at 1 n.1.)

To clarify this issue for both parties before trial, the Court will hold Plaintiff to this representation and allow her to present evidence supporting a failure to train theory—and no other theory of *Monell* liability—at trial.

## III. PLAINTIFF'S MIL

### A. Plaintiff's Affirmative Defense of Self-Defense at Criminal Trial

Plaintiff requests that the Court exclude evidence regarding the affirmative defense of self-defense raised at Plaintiff's criminal trial. (ECF No. 206 at 2–4.) She states that the affirmative defense of self-defense at her criminal trial related solely to *Heck*-barred[1] liability for "the force which provoked the resistance" rather than the force at issue here, "the force used to end that resistance." (*Id.* at 4.) Therefore, Plaintiff argues that "a prior jury's determination that her resistance to arrest was unjustified by

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

2

self-defense at some point during the interaction prior to Officer Klamser's takedown is irrelevant to the specific question of whether the takedown was excessive under the Fourth Amendment—and ultimately, whether the City of Fort Collins failed to train its officers that such conduct is unconstitutional." (*Id.*)  Plaintiff clarifies that she is not asking the Court to exclude evidence of her convictions for resisting arrest and obstructing a peace officer. (*Id.*)

Defendant contests the underlying premise that there is a bright line separating the two force categories—Officer Klamser's force provoking Plaintiff's resistance and his use of force ending Plaintiff's resistance—and argues they are "inextricably interwoven." (ECF No. 210 at 2–3.)  According to Defendant, "Plaintiff's resistance to arrest in the first instance caused Officer Klamser's force in the second instance.  It is impossible to extricate Plaintiff's failed self-defense argument from this event and doing so would be misleading to the jury." (*Id.* at 3.)

In her reply, Plaintiff acknowledges that "[t]his Court has previously ruled that it must be taken as given 'that Klamser had first attempted to subdue Surat through lawful lesser force,' as well as 'that he was attempting to effect an arrest and, in the process, the arrestee's actions were subjecting him to, or threatening him with, physical force or violence, or putting him at substantial risk of bodily injury.'" (ECF No. 212 at 3 (citing ECF No. 84 at 14–15).)  In light of this ruling, Plaintiff explains that she is "asking this Court to simply leave the jury's knowledge at that, rather than specifically permitting evidence or instruction that Plaintiff raised an affirmative defense of self that was rejected by a separate jury." (*Id.*)  She raises the concern that delving into details of the criminal jury's determinations will improperly influence the jury in this case. (*Id.*)  In

3

other words, "[f]aced with evidence that a prior jury had already determined that Plaintiff's actions were not justified by self-defense, a civil jury could easily misunderstand this to mean that all of Officer Klamser's actions were determined by a criminal jury to be justified as well." (*Id.*)

Having considered the parties' arguments, the Court grants this portion of Plaintiff's MIL. Evidence that Plaintiff presented an affirmative defense of self-defense is excluded; in other words, the Court excludes evidence of the fact that Plaintiff presented the legal theory of self-defense at her criminal jury trial, as well as the fact that the jury rejected that theory.

**B.   Plaintiff's Performance While on Probation**

Plaintiff requests that the Court exclude evidence or testimony regarding her unauthorized use of marijuana while on probation pursuant to Rules 402 and 403. (ECF No. 206 at 5.) She argues that her performance while on probation is not relevant and is unfairly prejudicial with no probative value. (*Id.*)

Defendant responds that Plaintiff's performance on probation is relevant to her alleged damages. (ECF No. 210 at 4.) Specifically, Defendant quotes from Plaintiff's deposition and identifies statements she made indicating that "her conviction and sentence are a component of her emotional distress damages." (*Id.*) According to Defendant, "[q]uestioning Plaintiff about the conditions, length, and her performance on probation is relevant to the jury's evaluation of her damages. Plaintiff blames the City for the fact she was on probation, yet she unquestionably is responsible for the extension of her probation. The City must be permitted to question Plaintiff about her performance on probation because her actions contributed to her alleged damages." (*Id.* at 4–5.)

4

Plaintiff replies that this is not a wrongful arrest claim, and therefore, her criminal sentence will not be part of her damages.  (ECF No. 212 at 4.)

Having considered the parties' arguments, the Court grants this portion of Plaintiff's MIL.  The Court concludes that while evidence that Plaintiff's probation was extended due to her unauthorized marijuana use may to some degree be relevant to her emotional distress damages, such evidence's probative value is significantly outweighed by its prejudicial value to Plaintiff.  *See* Fed. R. Evid. 403.  However, the Court will hold Plaintiff to her representation that "this is not a wrongful arrest claim, and therefore [her] criminal sentence will not be part of her damages."  (*Id.*)

**C.     Officer Klamser's Previous Awards or Promotions**

Plaintiff seeks to exclude evidence of any of Officer Klamser's commendations, awards, and promotions, arguing they have nothing to do with whether Defendant had an unconstitutional policy of training officers to use excessive force.  (ECF No. 206 at 6.)  She relies on Rules 402 and 403 and a habeas case from the Western District of Oklahoma that does little to support her argument.  (ECF No. 212 at 5 (citing *Brown v. Franklin*, 2009 WL 3415300, at *4 (W.D. Okla. Oct. 16, 2009) (explaining the term "bolstering" under Oklahoma law)).)

Defendant responds that Officer Klamser's testimony concerning his prior awards and promotions is customary, as witnesses often testify regarding their relevant background and experience.  (ECF No. 210 at 5.)  Further, Defendant contends that "Officer Klamser's law enforcement experience, including his prior awards and promotions, is relevant to his knowledge of law enforcement techniques and his decision to use a rowing arm takedown, all of which is relevant to the reasonableness of this maneuver under the circumstances."  (*Id.*)

The Court denies this portion of Plaintiff's MIL. Testimony of this nature is often introduced at trial, and the Court concludes that it will not unfairly prejudice Plaintiff under Rule 403.

## IV. DEFENDANT'S MIL

### A. Previous Complaints of Excessive Force Involving City of Fort Collins Police Officers

Defendant requests that the Court preclude Plaintiff from introducing evidence of formal and informal complaints of excessive force, lawsuits, settlements, internal affairs investigations, or other allegations of improper conduct involving City of Fort Collins Police Officers, including but not limited to the Mason, Wiedrich, Cropp, McGrath, Heneghan, Chancellor, Patnode, and Slatton matters. (ECF No. 205 at 3.) Moreover, Defendant clarifies that its MIL "is intended to seek preclusion of not only the exhibits and/or testimony referenced in the Complaint and previous Final Pretrial Order, but all potential exhibits and/or references to other complaints, internal investigations, settlements, and alleged misconduct unrelated to the present matter." (*Id.* at 4.) Defendant states that the matters Plaintiff intends to introduce lack similarity to the facts in this matter, rendering such information irrelevant to the one claim before the jury. (*Id.*)

Further, Defendant contends that "[t]o be factually similar, Plaintiff's potential evidence of previous complaints, internal investigations, and misconduct, must involve the use of a rowing arm takedown, on an uncooperative and intoxicated arrestee, who interfered with an officer's interview of a suspect, refused his directions to stay away, struck him multiple times, subjected him to physical force or violence and put him at substantial risk of bodily injury." (*Id.* at 5 (citing ECF No. 84 at 15).) However,

6

according to Defendant, the matters Plaintiff raises do not involve "a situation where a police officer attempted to effectuate an arrest, while first attempting to use a lesser degree of force, and the officer was subjected to or threatened with physical force, violence, or faced a substantial risk of bodily injury." (*Id.* at 6.)

Plaintiff responds that "Defendant's argument is premised on a faulty assumption that these prior uses of force will be introduced to demonstrate a theory of Monell liability based on an informal custom or policy." (ECF No. 209 at 1.) Instead, "Plaintiff intends to only introduce evidence of Fort Collins'[s] prior excessive uses of force in the specific context of resistance to arrest." (*Id.* at 3.) Plaintiff explains that she "will focus on the facts of those cases to corroborate Plaintiff's claim that Fort Collins['s] training on use of force in response to resistance is constitutionally deficient, which is a purpose other than proving liability in cases with settlements and is therefore compliant with Fed. R. Evid. 408." (*Id.*) Importantly, Plaintiff does not address Defendant's primary objection to this evidence: its lack of factual similarity to the instant case.

In its reply, Defendant focuses its objections to this evidence, noting that despite Plaintiff limiting her *Monell* theory to failure to train, she "still must establish the existence of a municipal policy or custom that was the moving force behind the alleged constitutional deprivation." (ECF No. 213 at 1–2.) Defendant objects to Plaintiff's introduction of such evidence because her "approach necessarily attempts to establish a pattern and practice of alleged constitutional violations in an effort to demonstrate deliberate indifference, while at the same time failing to consider whether there is any necessary factual similarity with the events surrounding Plaintiff's arrest." (*Id.* at 3.) Further, Defendant points out that by "not addressing any of the underlying facts of the

7

previous matters, Plaintiff fails to establish that any of those incidents actually implicate any training or lack thereof. Plaintiff has merely identified previous matters she believes resulted from excessive force[.]" (*Id.*)

Having considered the parties' arguments, the Court grants this portion of Defendant's MIL. Plaintiff is precluded from introducing evidence of formal and informal complaints of factually dissimilar excessive force lawsuits, settlements, internal affairs investigations, or other allegations of improper conduct involving City of Fort Collins Police Officers, including the Mason, Wiedrich, Cropp, McGrath, Heneghan, Chancellor, Patnode, and Slatton matters. The Court's ruling is based on Plaintiff's failure to address the issue of how factually similar or comparable the matters described above are to the facts of her own case, even on an arguably less stringent failure to train theory. However, this Order should not be read to preclude Plaintiff from introducing evidence of matters involving Fort Collins police arising out of facts sufficiently similar to the facts of this case such that the facts and outcomes of those putatively comparable matters would be relevant to a determination of Plaintiff's claims under a failure to train theory.[2]

**B.     Police Protests or Other Incidents Involving Use of Force by Law Enforcement**

Defendant requests that the Court preclude Plaintiff from mentioning or otherwise

---

[2] The Court will not here draw the line regarding what constitutes sufficiently similar facts such that evidence of those facts will be admissible at trial. However, to provide some guidance to the parties, the Court notes that it does not adopt Defendant's very narrow formulation of what constitutes a factually similar matter: "[t]o be factually similar, Plaintiff's potential evidence of previous complaints, internal investigations, and misconduct, must involve the use of a rowing arm takedown, on an uncooperative and intoxicated arrestee, who interfered with an officer's interview of a suspect, refused his directions to stay away, struck him multiple times, subjected him to physical force or violence and put him at substantial risk of bodily injury." (ECF No. 205 at 5.)

8

referring to police protests or other incidents involving the use of force by law enforcement, including but not limited to incidents related to George Floyd, Breonna Taylor, and Eric Garner.  (ECF No. 205 at 9.)  Defendant states that Plaintiff does not object to this request.  (*Id.* at 1.)  Plaintiff does not address this request in her response.  (*See* ECF No. 209.)

Relying on Defendant's representation and Plaintiff's lack of response, the Court grants this portion of Defendant's MIL and precludes Plaintiff from mentioning or otherwise referring to unrelated police protests or other incidents involving the use of force by law enforcement generally, including but not limited to George Floyd, Breonna Taylor, and Eric Garner.

## C.     Plaintiff's Traumatic Brain Injury

Defendant requests that the Court preclude Plaintiff from mentioning or otherwise referring to Plaintiff suffering a traumatic brain injury.  (ECF No. 205 at 9.)  Specifically, Defendant states that throughout this litigation, Plaintiff has represented that she suffered a traumatic brain injury.  (*Id.*)  However, Defendant states that Plaintiff has offered no expert medical testimony that any such injury occurred and requests that Plaintiff should be precluded from mentioning a traumatic brain injury pursuant to Federal Rules of Evidence 402 and 602.

In response, Plaintiff provides general explanations regarding concussions, which she states are commonly known as a mild traumatic brain injury.  (ECF No. 209 at 4.)  She states that she "will not seek to mislead the jury with regard to Plaintiff's injuries, which will clearly be understood to be a concussion, and so Plaintiff should not be precluded from using a common synonymous term for concussion." (*Id.* at 4–5.)  Notably, Plaintiff does not state that she has an expert witness prepared to testify as to

any of the medical information regarding traumatic brain injury.

The Court observes that Plaintiff's response is vague in terms of what medical care or diagnosis she received after her interaction with Officer Klamser, and she does not contest Defendant's assertion that there has been no expert medical testimony that a traumatic brain injury occurred.  (ECF No. 205 at 9; ECF No. 209 at 4–5.)  Having considered the parties' arguments, the Court grants this portion of Defendant's MIL and precludes Plaintiff from describing her injuries as a "traumatic brain injury."  However, Plaintiff remains free to describe her injuries in her own lay terms at trial.

**D.      Punitive Damages**

Defendant requests that the Court preclude Plaintiff from mentioning or otherwise referring to punitive damages.  (ECF No. 205 at 1, 10.)  *See Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U. S. C. § 1983.").  Further, Defendant states that Plaintiff does not object to precluding a reference to punitive damages, unless and until any such damages are authorized.  (ECF No. 205 at 1.)  Plaintiff does not address punitive damages in her response.  (*See* ECF No. 209.)

Relying on Defendant's representation and Plaintiff's lack of response, the Court grants this portion of Defendant's MIL and precludes Plaintiff from mentioning or otherwise referring to punitive damages.

## V. CONCLUSION

For the reasons explained above, the Court ORDERS:

1. Plaintiff's MIL (ECF No. 206) is GRANTED IN PART and DENIED IN PART as set forth above; and

2. Defendant's MIL (ECF No. 205) is GRANTED as set forth above.

Dated this 16th day of November, 2023.

BY THE COURT:

William J. Martínez
Senior United States District Judge